Order reversed, without costs, and matter remanded to Special Term for further proceedings in accordance with the memorandum herein: We treat the appellant’s cross motion in the proceeding, then properly pending in the court, as a substantial compliance with the requirements of section 335 of the Election Law as to form and timeliness of assertion. This assertion was served and filed before the time for the commencement of a proceeding had expired and, indeed, before the Board of Elections acted on the nominating petition. All of the necessary parties to such a proceeding, as determined by the initial order of the court, were already present, and the service of the cross application upon their attorney in the pending proceeding was ■ procedurally sufficient.
Concur: Judges Van Voorhis, Scileppi, Bergan, Keating and Breitel. Chief Judge Fuld and Judge Burke dissent and vote to affirm in the following memorandum: The authority for validation or invalidation proceedings under the Election Law is specifically set forth in sections 330 and 335 thereof. Section *852 335 requires the commencement of an action by verified petition upon an order to show cause upon such notice to such officers, persons, or committees as the court, justice or judge shall direct. This proceeding to validate was commenced by such an order to show canse. The appellant herein, and the Suffolk County Board of Elections, were, at the direction of the court, made respondents. On September 22, 1967 the respondent, Suffolk County Board of Elections, accepted the nominating’ petition as valid. Such action by the Suffolk County Board of Elections rendered the validation proceeding moot and academic as there was no further basis for such a proceeding. On the same day the appellant, contrary to the specific requirements of the Election Law, served without permission of the court an answer containing what purported to he a counterclaim against the petitioner and a cross claim against the respondent, Board of Elections, seeking to declare invalid the independent nominating petition. Section 335 of the Election Law, the statute controlling here, does not permit a counterclaim or a cross motion in the absence of an order of the Supreme Court. Thus there is no authority to prosecute an invalidation proceeding in the form relied on by the appellant as there are express contrary provisions in the election statute which prescribe the exclusive procedure.