■ In the Matter of GLORIA HALLOWAY et al., Respondents, v ALBERT G. BLAKELY et al., Appellants, et al., Respondents.—In a proceeding to invalidate petitions designating Albert Blakely and Rosalie Gill as candidates in the Democratic Party primary election to be held on September 9, 1980 for the party offices of State Committeemen (Male and Female) from the 43rd Assembly District, the appeals are from (1) a judgment of the Supreme Court, Kings County, dated August 13, 1980, which granted the application and (2) an order of the same court dated August 19, 1980, which, in effect, upon reargument adhered to its original determination. Appeal from judgment dismissed, without costs or disbursements. Said judgment was superseded by the order entered upon reargument. Order reversed, judgment vacated, without costs or disbursements, and matter remanded to Special Term for further proceedings consistent herewith. On August 7, 1980, appellants, the candidates herein, received notice by mail that petitioners had commenced, by order to show cause, a proceeding to invalidate their designating petitions. The parties concede, on appeal, that this had been the last day a proceeding to challenge or to validate a designating petition might be commenced. On August 11, 1980 the appellants served an answer upon counsel for the petitioners (who had previously filed objections with the Board of Elections) in which an "affirmative defense" to validate signatures previously held invalid by the Board of Elections was interposed. Special Term referred the matter to a Referee who reviewed the signatures previously objected to by the petitioners but which had been found to be valid by the Board of Elections. He concluded that there were 495 valid signatures, five less than the minimum number required. Appellants argued unsuccessfully at the hearing that the affirmative defense had been adequate to allow review of those signatures which had been declared invalid by the Board of Elections. Petitioners also argued unsuccessfully that signatures other than those specifically objected to before the board should be reviewed. Special Term accepted the report of the Referee and invalidated the designating petitions. However, the court also remanded the matter to the Referee to review all of the contested signatures in order to establish a complete record for purposes of appellate review. The Referee's supplemental report found that 45 signatures had been improperly invalidated but that 37 signatures had improperly been held valid. The court did not pass upon this report. In *Matter of Ambro v Coveney* (20 NY2d 850, 851) a cross motion served upon counsel for petitioners was deemed sufficient compliance with the statutory notice requirements. Similarly, it has been recently noted that notice other than by cross petition may suffice where the petitioners are thereby alerted to the respondents' intention to seek validation of signatures at the proceeding *(Matter of Suarez v Sadowski,* 48 NY2d 620, 621). In the present matter, the affirmative defense interposed in the answer, served upon petitioners' counsel, was adequate to alert the petitioners that the signatures previously declared invalid would be contested. However, the question then arises as to whether the answer was untimely since it was served four days after the expiration of the 14-day period within which a proceeding to validate or invalidate a designating petition must be commenced (Election Law, § 16-102, subd 2). In *Matter of Pell v Coveney* (37 NY2d 494) the Board of Elections did not reject the candidates' designating petitions until after the 14-day period (then Election Law, § 330) had expired. The Court of Appeals held that strict application of this statutory time period would be unjust and deemed the candidates prompt institution

of a proceeding to validate their designating petitions, after notice of the board's determination, to be timely. In the matter at bar, notice of the petitioners' commencement of a proceeding to invalidate the designating petitions was not received until the final day for initiating a proceeding. Pursuant to *Matter of Pell v Coveney (supra)* we believe that strict application of the statutory time period would be unjust. We deem the answer of the appellants (who here too are the candidates), which was served within four days of commencement of the proceeding, to be timely. Therefore, those signatures which had been declared invalid by the Board of Elections should have been reviewed. Finally, we hold that petitioners' challenges to signatures other than those objected to before the Board of Elections should also have been considered by Special Term (see *Matter of Flowers v Wells,* 57 AD2d 636). Although the Referee reported on these contested matters for purposes of appellate review, Special Term has not yet ruled upon the Referee's findings. Therefore, the matter must be remanded to Special Term for a determination, to be made with all convenient speed, after consideration of the Referee's findings. Hopkins, J. P., Lazer, Rabin, Margett and Martuscello, JJ., concur.