■ In the Matter of GLORIA HOLLOWAY et al., Appellants, v ALBERT J. BLAKELY et al., Respondents.—In a proceeding, *inter alia,* to invalidate petitions designating Albert Blakely and Rosalie Gill as candidates in the Democratic Party primary election to be held on September 9, 1980 for the party office of State Committeemen (Male and Female) from the 43rd Assembly District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 21, 1980, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements. On a previous appeal involving the instant proceeding *(Matter of Holloway v Blakely,* 77 AD2d 932), this court, *inter alia,* remanded the matter to Special Term to consider the supplemental findings of the Referee. Special Term reviewed these findings, held an evidentiary hearing and concluded that the designating petitions were valid. This appeal is from that determination. Appellants, who instituted this proceeding to invalidate the designating petitions of Albert Blakely and Rosalie Gill which the board of elections had found to be valid, assert that the candidates' failure to serve their answer upon the board of elections as a jurisdictional defect which requires reversal. We disagree. Petitioners commenced this proceeding by order to show cause served upon both candidates and the board of elections. The board, however, chose not to appear in the matter. We view the silence of the board regarding the outcome of this proceeding to overturn its determination validating the designating petitions as an indication of the board's neutral posture in this matter (cf. *Matter of Butler v Hayduk,* 37 NY2d 497, 499).

Therefore, the failure of the candidates to serve that body with their answer, in which they interposed an "affirmative defense" seeking validation of the signatures previously held invalid, was not a fatal defect under the circumstances of this case. In so holding we note that the Board of Elections does not assert any claim of lack of jurisdiction over it in this proceeding. On the merits, Special Term resolved the issue of credibility in the candidates' favor. We affirm that determination. Hopkins, J. P., Lazer, Rabin, Margett and Martuscello, JJ., concur.