OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division granting the petition to invalidate the nominating petition should be affirmed.
 

 Respondent brought no petition to validate, which would have required that she specify the signatures which she claimed the board had erroneously invalidated. Instead, after the statutory time period (Election Law, § 16-102, subd 2), shfe served an answer to the petition to invalidate containing an affirmative defense in which she claimed,
 
 *683
 
 without specification, that there were sufficient valid signatures to her petition. To permit her to do so would be manifestly unfair (see
 
 Matter of Suarez v Sadowski,
 
 48 NY2d 620, 621) because her opponents would thereby be deprived of the full opportunity afforded them by the statute to meet her proof.
 

 The Appellate Division did not err, therefore, in precluding her from relying upon the validity of such unspecified signatures. Nor are there present in this case unique circumstances, such as were present in
 
 Matter of Halloway
 
 (77 AD2d 932, 933; see
 
 Matter of Pell v Coveney,
 
 37 NY2d 494). In light of this disposition, we do not reach the substantive issues raised.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur; Judge Fuchsberg taking no part.
 

 Order affirmed, without costs, in a memorandum.