## (October 21, 1983)

■ In the Matter of RAPHAEL AMELIO, JR., Appellant, v ANTONIA D'APICE et al., Respondents. — In a proceeding to invalidate petitions designating respondent Frank A. Vetere *et al.* as candidates of the Harrison Independent Party in the election to be held on November 8, 1983, the appeal is from a judgment of the Supreme Court, Westchester County (Kelly, J.), entered October 13, 1983, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, proceeding reinstated and matter remitted to the Supreme Court, Westchester County, for a *de novo* hearing in accordance herewith, to be held on Monday, October 24, 1983, at 9:30 A.M. in Special Term, Part 3A. Special Term erred in refusing to accept the amended petition, which raised an issue of fact as to the validity of the signature of the subscribing witness to pages 27 and 30 of the nominating petition. Under the unique circumstances of this case, respondents shall also be permitted to amend their answers, should they be so advised (cf. *Matter of Krueger v Richards,* 59 NY2d 680). If the respondents amend their answers and in doing so challenge the invalidation by the board of elections of certain signatures on the petition, then the hearing shall encompass those factual issues as well. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.

■ In the Matter of SOLOMON PERLOW, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner. — In this proceeding to discipline respondent upon charges of professional misconduct, respondent has submitted an affidavit dated August 24, 1983, in which he tenders his resignation as an attorney and counselor at law (see 22 NYCRR 691.9). Respondent was admitted to practice by this court on October 26, 1932. The respondent states in his affidavit that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress; that he is fully aware of the implication of submitting his resignation; and he acknowledges that he could not successfully defend himself on the merits against the charges contained in the petition. The petition charges respondent with accepting $300,000 from his client, said moneys to be invested for the client; thereafter commingling said funds with his own; and when the client demanded a return of her money, failing to do so. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent be disbarred and his name be struck from the roll of attorneys and counselors at law effective forthwith. Mollen, P. J., Lazer, Mangano, Gibbons and Weinstein, JJ., concur.