## SECOND DEPARTMENT, NOVEMBER, 1983

## (November 2, 1983)

■ In the Matter of RAPHAEL AMELIO, JR., Appellant, v ANTONIA D'APICE et al., Respondents. — In a proceeding to invalidate petitions designating respondent Frank A. Vetere *et al.,* as candidates of the Harrison Independents Party

in the election to be held on November 8, 1983, the appeal is from a judgment of the Supreme Court, Westchester County (Kelly, J.), entered October 13, 1983, which dismissed the proceeding. By order dated October 21, 1983, this court reversed that judgment, on the law, reinstated the proceeding and remitted the case to the Supreme Court, Westchester County, for a *de novo* hearing in accordance with our memorandum (*Matter of Amelio v D'Apice,* 97 AD2d 492). Following our remittitur, a judgment was entered at Special Term on October 25, 1983, granting the application to invalidate the designating petition. By order dated October 28, 1983 the Court of Appeals reversed the judgment entered October 25, 1983 and this court's order which was brought up for review on the appeal therefrom, and remitted the case to this court to "reconsider the matter and * * * exercise [our] own discretion" (60 NY2d 819, 820). Judgment entered October 13, 1983 reversed, as a matter of discretion, without costs or disbursements, and case remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment in accordance herewith. Special Term abused its discretion in refusing to accept the amended petition, which raised an issue of fact as to the validity of the signature of the subscribing witness to pages 27 and 30 of the nominating petition. While we would normally remit the matter for a hearing on the issue of the validity of the signature of the subscribing witness, such a hearing has already been held. The judgment entered October 25, 1983 having been reversed by the Court of Appeals, we therefore remit the matter to the Supreme Court, Westchester County, for the entry of a new appropriate judgment in light of the findings made at the hearing. We note that the parties aggrieved by the judgment may appeal to this court as of right, should they be so advised. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.