■ In the Matter of RAUL RODRIGUEZ, Respondent, v ANTONIO RIVERA, Respondent-Appellant, and BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent. In the Matter of ANTONIO RIVERA, JR., Appellant, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and RAUL RODRIGUEZ, Respondent-Respondent.—Judgment, Supreme Court, New York County (Blyn, J.), entered August 21, 1985, which invalidated the candidacy of Antonio Rivera for District Leader in the Democratic Party for the 68th Assembly District, Part C,

unanimously reversed, on the law, without costs or disbursements, the petition to invalidate denied, and the Board of Elections directed to place the name of Antonio Rivera on the ballot. The appeal from the judgment of the same court dismissing the petition to validate the designating petition of Antonio Rivera for the aforesaid office is unanimously dismissed, as moot, without costs, in light of the foregoing determination.

Antonio Rivera filed petitions to place his name on the ballot as a candidate for District Leader in the Democratic Party for the 68th Assembly District, Part C. Raul Rodriguez instituted a proceeding to invalidate the candidacy of Antonio Rivera. Antonio Rivera instituted a proceeding to validate his candidacy. Rodriguez, on August 8, filed a traverse challenging service in Rivera's proceeding to validate. The traverse was sustained and the proceeding dismissed. Rivera had, on August 9, served and filed an answer and affirmative defense in the proceeding to invalidate. The referee found 530 valid signatures on the Rivera petitions. Four hundred and ninety-four were found valid after the invalidating proceeding, 36 additional signatures were found valid on Rivera's validating proceeding. Five hundred signatures are required for a place on the ballot.

In *Matter of Halloway v Blakely* (77 AD2d 932-933 [2d Dept 1980]) the court stated: "In *Matter of Ambro v Coveney* (20 NY2d 850, 851) a cross motion served upon counsel for petitioners was deemed sufficient compliance with the statutory notice requirements. Similarly, it has been recently noted that notice other than by cross petition may suffice where the petitioners are thereby alerted to the respondents' intention to seek validation of signatures at the proceeding (*Matter of Suarez v Sadowski,* 48 NY2d 620, 621). In the present matter, the affirmative defense interposed in the answer, served upon petitioners' counsel, was adequate to alert the petitioners that the signatures previously declared invalid would be contested. However, the question then arises as to whether the answer was untimely since it was served four days after the expiration of the 14-day period within which a proceeding to validate or invalidate a designating petition must be commenced (Election Law, § 16-102, subd 2). In *Matter of Pell v Coveney* (37 NY2d 494) the Board of Elections did not reject the candidates' designating petitions until after the 14-day period (then Election Law, § 330) had expired. The Court of Appeals held that strict application of this statutory time period would be unjust and deemed the candidates prompt institution of a

proceeding to validate their designating petitions, after notice of the board's determination, to be timely. In the matter at bar, notice of the petitioners' commencement of a proceeding to invalidate the designating petitions was not received until the final day for initiating a proceeding. Pursuant to *Matter of Pell v Coveney* (*supra*) we believe that strict application of the statutory time period would be unjust. We deem the answer of the appellants (who here too are the candidates), which was served within four days of commencement of the proceeding, to be timely. Therefore, those signatures which had been declared invalid by the Board of Elections should have been reviewed."

In the instant case the circumstances, while not identical, are substantially similar. The objectors were adequately alerted that the candidate would seek to have the petitions filed on his behalf declared valid. The answer and counterclaim of the candidate must be deemed timely in the circumstances. The referee's report indicated that Rivera had filed a sufficient number of signatures to be entitled to a place on the ballot. Concur—Carro, J. P., Fein, Bloom, Rosenberger and Ellerin, JJ.