■ In the Matter of DAVID A. FORD et al., Appellants, v ANTONIA D'APICE et al., Respondents.—In a proceeding to invalidate a petition designating Carmella R. Iaboni as a candidate in the Democratic Party primary election to be held on September 15, 1987, for the public office of Mayor of the City of Mount Vernon, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated August 14, 1987, which denied the application.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the application is granted, and the Westchester County Board of Elections is directed to remove the name of Carmella R. Iaboni from the ballot.

By decision dated July 28, 1987, the board of elections ruled on specific objections filed against the designating petition of candidate Iaboni. The board sustained objections to 386 of the signatures contained in the petition but held that since the petition contained 1,193 signatures, a total of 807 valid signatures remained, and therefore the name of Iaboni would appear on the primary ballot.

The last day to file designating petitions was July 16, 1987, and the 14-day period within which a proceeding was required to be commenced with respect to the validation or invalidation of the designating petition expired on July 30, 1987 (see, Election Law § 16-102 [2]).

On July 30, 1986, the petitioners commenced the instant proceeding to invalidate Iaboni's designating petition. The petition cites the board of elections' decision of July 28, 1987. On August 5, 1987, Iaboni filed a verified answer admitting that "on or about July 29, 1987" she received the board of elections' decision.

Iaboni's answer contained an "Affirmative Defense" alleging that of the specific objections filed by the petitioners and sustained by the board of elections, "in more than fifty instances, those specific objections should have been denied". Iaboni then listed in general terms the types of errors allegedly made by the board of elections in striking signatures. Iaboni failed to file a petition or cross petition to validate her designating petition within the requisite 14-day period. In fact, she never filed any petition or cross petition whatsoever.

After a hearing, the court, acting on the petition filed by the

appellants, invalidated additional signatures from Iaboni's petition. However, it then acted on Iaboni's affirmative defense to restore signatures that the board of elections had stricken. The court concluded that Iaboni was left with 788 valid signatures, the number required, and denied the petitioners' application to invalidate Iaboni's designating petition.

On their appeal, the petitioners argue that at the hearing, the court sustained 48 of their objections (reducing the 807 signatures found by the board to be valid, to 759, thus below the necessary 788 signatures), but the court then acted on Iaboni's affirmative defense and restored 29 signatures that the board had stricken.

The petitioners argue, in effect, that Iaboni had brought no petition to validate, much less a timely one, and that the court could not, on her "Affirmative Defense", restore signatures stricken by the board. The petitioners further argue that if, arguendo, the court was correct in hearing evidence with respect to signatures not put into question by the petitioners, the court erred in a least three instances and that if those three restored signatures are stricken by this court, Iaboni's total would be brought below the requisite 788.

We conclude that, as a matter of law, the order and judgment must be reversed and the application granted on the authority of *Matter of Krueger v Richards* (59 NY2d 680). At bar, as in *Krueger,* Iaboni brought no petition or cross petition to validate, which would have required her to specify the signatures which she claimed the board of elections had erroneously invalidated. Instead, after the statutory time period had elapsed *(see,* Election Law § 16-102 [2]) she served an answer containing an affirmative defense in which she claimed in general terms, and clearly without adequate specification, that there were sufficient valid signatures on her designating petition. Further, as in *Matter of Krueger v Richards (supra),* there are no unique circumstances such as were present in *Matter of Halloway v Blakely* (77 AD2d 932, 933), and *Matter of Pell v Coveney,* (37 NY2d 494), such as to justify a contrary result.

However, in light of our determination, and also in view of the failure of the petitioners to provide a transcript of the hearing testimony, we do not pass upon the petitioners' contentions, based in part upon that testimony, that 3 of the 29 signatures restored by the court should not have been so restored, assuming that the court had the authority to do so. Brown, J. P., Weinstein, Eiber and Kooper, JJ., concur.