*794 OPINION OF THE COURT
David B. Saxe, J.
Under what circumstances may a candidate for office whose designating petitions have been ruled invalid by the Board of Elections contest the invalidity in court through service of an answer instead of by petition to validate?
This election matter involves the Democratic primary for the office of City Council Member for the 2nd Councilmanic District in Manhattan. The petitioners seek to invalidate the designating petitions of Michael S. Biller which were previously ruled invalid by the Board of Elections. For his part, Mr. Biller did not serve a petition to validate within 14 days of the filing of his designating petitions with the Board of Elections as required by Election Law § 16-102 (2). Instead, because the Board of Elections ruled his petition invalid after the 14-day period had expired, Biller merely filed an answer to the petition to invalidate in which an affirmative defense and counterclaim sought to raise the issue of validity of his petitions.
It is Biller’s failure to timely serve a petition to validate his designating petitions that forms the crux of the petitioners’ case; they argue that since Biller brought no petition to validate, the court is without jurisdiction to entertain Biller’s claim that his designating petitions are valid. For this proposition the petitioners refer to Matter of Krueger v Richards (59 NY2d 680 [1983]), which while facially supporting it, opens a small avenue to candidates who have not served validating petitions as required by Election Law § 16-102.
The facts of Krueger v Richards (supra) closely parallel those presented here. There, the respondent candidate had been served with an invalidating petition. She did not timely cross-petition to validate. Rather, she simply included in her answer to the invalidating petition the defense that there were sufficient valid signatures; she filed no specifications with respect to which signatures she contended the Board of Elections had erroneously invalidated. The court held that it would be "manifestly unfair” to permit the respondent to present evidence regarding signatures as to which no specifications were filed (59 NY2d, supra, at 683).
However, it is apparent that the failure to cross-petition to validate does not necessarily deprive the court of jurisdiction or disqualify the respondent from demonstrating that his petitions were erroneously invalidated. For instance, in Matter *795 of Halloway v Blakely (77 AD2d 932 [2d Dept 1980]), an invalidating petition was served on the respondent candidate who did not cross-petition for validation, but simply filed an answer to the invalidating petition which contained an affirmative defense claiming the Board of Elections had acted erroneously in invalidating signatures. The Second Department held that this affirmative defense was a sufficient basis upon which the court could render findings regarding those signatures invalidated by the Board of Elections (77 AD2d, supra, at 932). In rendering its decision in Krueger v Richards (supra), the Court of Appeals did not disapprove of the holding in Halloway v Blakely (supra); it merely noted that the facts in Krueger did not demonstrate the type of "unique circumstances” present in Halloway (59 NY2d, supra, at 683). I turn therefore to an examination of the circumstances which distinguish the two cases.
In Matter of Krueger v Richards (supra), the affirmed Second Department’s decision had made a point of noting that the respondent was served with the invalidating petition seven days before the expiration of the period in which to commence a validation proceeding (see, 93 AD2d 898 [2d Dept 1983]). Her failure to file any validating petition, or even to serve her answer to the invalidating petition within the 14-day period, convinced the court that the respondent should not be entitled to obtain affirmative relief in the context of her adversary’s invalidation proceeding.
In contrast, in Matter of Halloway v Blakely (supra) the invalidating petition was served upon the respondent candidate on the last day of the 14-day period within which to commence an election proceeding. The respondent therefore was deemed to have timely and sufficiently raised a challenge to the Board of Elections’ invalidation of signatures by her answer served 4 days after the expiration of the 14 days.
In the matter before me, respondent Biller was served with the invalidating petition on July 27, 1989, the last date upon which such a proceeding was permitted to be commenced. In addition, the Board of Elections did not release its decision regarding Biller’s petitions until July 31, 1989, four days after the deadline passed. For these reasons, Biller’s failure to timely commence a separate validation proceeding is clearly understandable. Under such circumstances, the claim included in the candidate’s answer, which in effect asserts the validity of any signature invalidated by the Board of Elections, should be deemed sufficient to raise that issue before the court.
*796 In conclusion, the lack of a validating petition does not deprive the court of jurisdiction (see, e.g., Matter of Rodriquez v Rivera, 112 AD2d 889 [1st Dept 1985]), as long as the petitioner has sufficient notice — to the extent possible — of the respondent’s challenge regarding the invalidation of signatures (see, Matter of Belak v Rossi, 96 AD2d 1011 [3d Dept 1983]). In some circumstances, the respondent has available to him enough information to include with his answer or in a separate proceeding specifications regarding which invalidated signatures are allegedly valid, and in those cases the failure to so specify is fatal (see, Matter of Ford v D' Apice, 133 AD2d 191 [2d Dept 1987]). In the present case, precluding Biller from presenting evidence as to improperly invalidated signatures would be unjust, as he gave notice of his position with as much clarity as time and his lack of information permitted.
Accordingly, I direct that the assigned Referee conduct a hearing regarding the respondent’s challenges. The report of the Special Referee is therefore disaffirmed.