■ In the Matter of THOMAS F. KEENAN, SR., Respondent, v KEVIN A. Moss et al., Appellants, et al., Respondents.—Per Curiam. Appeal from an order and judgment of the Supreme Court (McDermott, J.), entered August 8, 1989 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to, inter alia, declare invalid the designating petitions naming various respondents

as the Conservative Party candidates for certain offices of the Towns of Bethlehem, New Scotland and Guilderland in the September 12, 1989 primary election.

Petitioner, Chairman of the Albany County Conservative Party Executive Committee, commenced this proceeding seeking invalidation of petitions filed by respondents based on their alleged failure to comply with Election Law provisions requiring, in this case, the designation of respondents, who are not enrolled members of the Conservative Party, by the Albany County Conservative Committee (hereinafter County Committee) as Conservative Party candidates for local office (see, Election Law § 6-120 [3]). Here, respondents received certificates of authorization from the State Executive Committee instead of the County Committee. Supreme Court denied a motion for summary judgment by respondent Madeline S. Galvin to validate her designating petition and certificate of authorization and further granted the petition as to all named respondents, save one. Certain respondents, including Galvin (hereinafter collectively referred to as respondents), have appealed, arguing, *inter alia,* that petitioner lacked standing to contest their designating petitions.

Initially, we note that Supreme Court improperly determined that Galvin's summary judgment motion was untimely. The motion was not a late attempt by Galvin to validate an already invalidated petition, but was instead a timely response to petitioner's initiation of proceedings against her (see, *Matter of Halloway v Blakely,* 77 AD2d 932; see also, *Matter of Rodriguez v Rivera,* 112 AD2d 889, 890-891).

Nevertheless, respondents' challenges to petitioner's standing must fail. Regardless of their late filing, the minutes of the County Committee meeting conclusively show petitioner's selection as the Chairman of the County Committee's Executive Committee. The evidence therefore supports Supreme Court's final conclusion that the County Committee did validly exist and retained jurisdiction over candidate designations for those not enrolled in the party (see, Election Law § 6-120 [3]), rendering invalid any reliance respondents have on the State Executive Committee's designations. By the State Conservative Party's own rules, the State Executive Committee's authority can only be exercised when there is no valid county committee in existence (see, Rules and Regulations of State Conservative Party, art IV, § 1 [b]; art IX, § 2).

Equally unavailing is respondents' argument that petitioner may not object to their designating petitions based on his residency and voting registration outside the political divisions

whose offices are at issue here. As Chairman of the County Committee's Executive Committee, petitioner, clearly an interested party, is entitled to maintain this proceeding *(see,* Election Law § 16-102 [1]).

Order and judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.