■ In the Matter of FRANCISCO D. HALL et al., Respondents, v ABU A. Q. ABU, Appellant, et al., Respondents.—In a proceeding to invalidate a petition designating Abu A. Q. Abu as a candidate in a primary election to be held on September 15, 1992, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly for the 58th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 18, 1992, which granted the application to invalidate and denied the cross application for leave to interpose a cross application for leave to validate the petition.

Ordered that the judgment is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The appellant Abu A. Q. Abu submitted a designating petition to the Board of Elections of the City of New York (hereinafter the Board). Two sets of objections were filed; one by the petitioners, Francisco D. Hall and Kenneth S. Taylor, and a second set by Roy McBain. By order to show cause dated on August 4, 1992, before the Board ruled on their objections, Hall and Taylor commenced this proceeding to invalidate Abu's designating petition.

On August 10, 1992, the Board reported on its examination

of Hall's and Taylor's specifications. It overruled the objections and validated Abu's designating petition. That same day, Abu served on counsel for Hall and Taylor an answer to the petition to invalidate his designating petition. The answer contained a cross application to interpose a counterclaim to validate his designating petition, which had been validated by the Board. Abu also served McBain's attorney, who had moved to intervene in the proceeding to invalidate Abu's designating petition. Before the court rendered its decision on McBain's motion, however, McBain withdrew it. Although the court granted Abu's cross application to interpose an answer and affirmative defenses, it denied his cross application for leave to interpose a counterclaim to validate because he had not effectuated service against all of the qualified objectors. The court also stated that service on counsel, as opposed to the objectors themselves, was not effective.

On appeal, Abu claims that the court improperly denied his cross application to interpose a counterclaim. We agree. While it is true that the failure to serve all of the objectors who had commenced a proceeding to invalidate the nominating petition renders a petition fatally defective (see, Matter of Wein v Molinari, 51 NY2d 717), in this proceeding McBain withdrew his motion to intervene in the proceeding. Since the Board had previously validated Abu's candidacy, McBain took no steps to challenge any irregularities in the designating petition, thus waiving them (see, Matter of Gross v Thaler, 18 AD2d 716). We also view the withdrawal of McBain's motion to intervene as an indication of his neutrality, and therefore he need not have been named or served with the counterclaim (see, Matter of Holloway v Blakely, 78 AD2d 528). Similarly, the Board chose not to appear in the matter, indicating its neutral posture, and Abu's failure to include the Board is not a fatal defect under these circumstances (see, Matter of Holloway v Blakely, supra). Since Abu's service of the answer which contained the counterclaim on Hall and Taylor's attorney was procedurally sufficient (see, Matter of Ambro v Coveney, 20 NY2d 850; Matter of Rodriguez v Rivera, 112 AD2d 889), Abu's counterclaim should have been considered. Harwood, J. P., Balletta, Eiber, O'Brien and Santucci, JJ., concur.