■ In the Matter of JEFFREY L. BARRETT et al., Respondents, v RICHARD L. BRODSKY, Appellant, and LLOYD KING, JR., et al., Respondents. [602 NYS2d 550] —Motion by the appellant on an appeal from a judgment of the Supreme Court, Westchester County, dated August 6, 1993, inter alia, to enjoin the Westchester County Board of Elections from removing the appellant's name as a candidate for the public office of Westchester County Executive.

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, it is

Ordered that the motion is denied as academic in light of the disposition of the appeal. Mangano, P. J., Thompson, Lawrence and Pizzuto, JJ., concur.

■ In the Matter of COREY B. BEARAK, Respondent, v ALAN S. LAUFER, Appellant, and BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. [601 NYS2d 820] —In a proceeding to invalidate a petition designating Alan S. Laufer as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Republican Party as its candidate for the public office of Member of the New York City Council from the 23rd Council District, in which there was a cross application to validate, the appeal is from a judgment of the Supreme Court, Queens County (Hanophy, J.), dated August 12, 1993, which granted the application to invalidate and dismissed the cross petition to validate.

Ordered that the judgment is affirmed, without costs or disbursements.

The issue on appeal is whether the Supreme Court erred in dismissing the cross petition of candidate Alan S. Laufer to validate his designating petition on the ground that the cross petition was filed in an untimely fashion. Election Law § 16-102 (2) requires, in relevant part, that "[a] proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition" (Election Law § 16-102 [2]). In the instant case, the candidate served and filed his answer and cross petition, at the earliest, on August 4, 1993, which was clearly after the statutory time period (see, Election Law § 16-102). Therefore, the Supreme Court properly dismissed the cross petition (see, Matter of Krueger v Richards, 59 NY2d 680; see also, Matter of Dickerson v Daly, 196 AD2d 610 [decided herewith]). Mangano, P. J., Thompson, Lawrence and Pizzuto, JJ., concur.