■ In the Matter of THOMAS A. DICKERSON, Appellant, v THOMAS R. DALY, Respondent, et al., Respondents. [601 NYS2d 704] —In a proceeding to invalidate a petition designating Thomas R. Daly as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Conservative Party as its candidate for the public office of City Court Judge of the City of Yonkers, the appeal is from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated August 12, 1993, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application is granted, and the Board of Elections of the County of Westchester is directed to remove the name of Thomas R. Daly from the appropriate ballot.

We conclude that the judgment must be reversed and the

application granted *(see, Matter of Krueger v Richards,* 59 NY2d 680; *Matter of Ford v D'Apice,* 133 AD2d 191). The proposed candidate failed to serve a petition or cross petition to validate the designating petition, which would have required that he specify the signatures which he claimed the Board of Elections had erroneously invalidated. Instead, after the 14-day statutory time period had elapsed *(see,* Election Law § 16-102 [2]), he served an answer to the petition to invalidate containing a counterclaim alleging, in general terms, that the Board of Elections had erred by invalidating certain signatures. Further, we find no unique circumstances, such as those present in *Matter of Halloway v Blakely* (77 AD2d 932), and *Matter of Pell v Coveney* (37 NY2d 494), which would warrant a contrary result. Mangano, P. J., Thompson, Lawrence and Pizzuto, JJ., concur.