■ In the Matter of HARVEY ELWOOD, Respondent, v STEPHEN JACKSON, Appellant, et al., Respondent. [616 NYS2d 247] — In a proceeding to invalidate a petition designating Stephen Jackson as a candidate in a primary election to be held on September 13, 1994, for nomination of the Democratic Party as its candidate for the public office of Member of the Assembly from the 33rd Assembly District, the appeal is from a judgment of the Supreme Court, Queens County (Posner, J.), dated August 17, 1994, which granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The appellant argues that the New York City Board of Elections improperly extracted a double penalty by invalidating 10 of the 833 signatures contained in his designating petition pursuant to Election Law § 6-134 (10) and then subtracting those 10 invalid signatures from the remaining 823

potentially valid signatures. Inasmuch as the appellant withdrew his cross petition to validate his designating petition this issue could not be reached by the Supreme Court, and, accordingly, this argument is not properly before this Court (see, *Matter of Krueger v Richards*, 59 NY2d 680; *Matter of Suarez v Sadowski*, 48 NY2d 620; *Matter of Halloway v Blakely*, 77 AD2d 932).

The appellant also asks that this Court validate 3 of the 12 signatures which the Supreme Court invalidated on other grounds. However, even if this relief were granted, the respondent would have only 498 signatures, still less than the required number (i.e., 500). Thus, this argument is academic. Moreover, the record is too incomplete to render any independent determination as to the remaining 9 signatures which were invalidated. Rosenblatt, J. P., Ritter, Altman and Hart, JJ., concur.