SECOND DEPARTMENT, SEPTEMBER, 1996

(September 4, 1996)

■ In the Matter of DESMOND A. GREEN, Appellant, v CORA-MINITA MAHR et al., Respondents. [646 NYS2d 889] —In a proceeding to validate a petition designating Desmond A. Green as a candidate in a primary election to be held on September 10, 1996, for the nomination of the Democratic Party as its candidate for the public office of Judge of the Surrogate's Court for Kings County, the appeal is from a judgment of the Supreme Court, Kings County (Egitto, J.), dated August 26, 1996, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The contention that this proceeding is jurisdictionally defective because Betty Matondo was a necessary party who was not named or served is without merit. Election Law § 6-154 (2) states, in relevant part, that "[w]ritten objections to any * * * designating petition * * * may be filed by any voter registered to vote for such public office". The objections must be filed with the officer or board with whom the original petition was filed within three days after the filing of the petition (see, Election Law § 6-154 [2]). "When such an objection is filed, specifications of the grounds of the objections shall be filed within six days thereafter with the same officer or board and if specifications are not timely filed, the objection shall be null and void" (Election Law § 6-154 [2]). Although Matondo filed an objection to the designating petition of Joan A. Gill, she never filed an objection to the designating petition of Desmond A. Green. Further, the specifications filed by Matondo, which did specifically challenge signatures on Green's designating petition, were filed more than three days after Green filed his designating petition. Therefore, Matondo was not a proper objector and accordingly was not a necessary party.

However, we agree with the Supreme Court that the appellant's validating petition was insufficiently pleaded as a matter of law. Such a validating petition must specify the individual determinations by the board which the candidate claims were erroneous, or the signatures which the candidate claims the board improperly invalidated (see, Matter of Krueger v Hickey,

59 NY2d 680, 682; *Matter of Dickerson v Daly,* 196 AD2d 610, 611; *Matter of Ford v D'Apice,* 133 AD2d 191, 192). Since the appellant's validating petition was not sufficiently particularized to give the court and the parties notice of the board's determinations which were claimed to be erroneous or the signatures that the candidate claimed were improperly invalidated *(see,* CPLR 3013), the proceeding was properly dismissed. Hart, J. P., Florio, McGinity and Luciano, JJ., concur.