Matter of Walker v Buttermann (2018 NY Slip Op 05909)





Matter of Walker v Buttermann


2018 NY Slip Op 05909


Decided on August 23, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 23, 2018

527129

[*1]In the Matter of TIMOTHY WALKER et al., Appellants,
v
DAN BUTTERMANN, Respondent, et al., Respondents.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


James E. Walsh, Ballston Spa, for appellants.
Dan Buttermann, Oneonta, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from an order and judgment of the Supreme Court (McDonough, J.), entered August 9, 2018 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, among other things, declare invalid the designating petition naming respondent Dan Buttermann as the Democratic Party candidate for the public office of Member of the Assembly for the 121st Assembly District in the September 13, 2018 primary election.
Respondent Dan Buttermann filed a designating petition with the State Board of Elections seeking to be nominated as the Democratic Party candidate for the public office of Member of the Assembly for the 121st Assembly District in the September 13, 2018 primary election. Petitioner Timothy Walker filed both specific and general objections with the State Board challenging 119 of the 607 signatures on the designating petition (see Election Law § 6-154). The State Board issued a determination invalidating 84 signatures, leaving Buttermann with 523 signatures, in excess of the 500 required (see Election Law §
6-136 [2] [i]). Walker and petitioner John Salka, as the Republican Party candidate for the same public office, commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate Buttermann's designating petition. At the initial hearing before Supreme Court on July 31, 2018, at which Buttermann did not appear, petitioners renewed their objections to 119 signatures. Petitioners, for the first time, also incorporated a challenge successfully raised in a separate proceeding by Raymond Lewandowski (hereinafter the Lewandowski proceeding) to 12 [*2]additional signatures on Buttermann's designating petition,[FN1] bringing the total challenge to 131 signatures.
At an August 2, 2018 hearing originally scheduled in the Lewandowski proceeding, petitioners and Buttermann appeared, in addition to Lewandowski's counsel, and Supreme Court reviewed the evidence submitted in both proceedings [FN2]. The court then reopened the proof to allow the submission of certain documents submitted in the Lewandowski proceeding that were relevant to the incorporated objections. Additionally, Supreme Court permitted Buttermann to file an "Answer/Objections in Point of Law" and, over petitioners' objections, submit affidavits from two subscribing witnesses to address other signatures ruled invalid by the State Board. Supreme Court thereafter dismissed the petition, finding that the designating petition contained 511 valid signatures. Petitioners appeal, raising only procedural issues.
Initially, petitioners claim that they are entitled to a default judgment because Buttermann failed to serve an answer by the July 31, 2018 return date and hearing, and he failed to appear in person or by counsel at that hearing. However, the record does not reflect that petitioners moved for entry of a default judgment (see CPLR 3215 [c]). Accordingly, petitioners' argument, raised for the first time on appeal, is unpreserved for our review (see generally Matter of Cahill v Kellner, 121 AD3d 1160, 1165-1166 [2014]; Matter of Hicks v Walsh, 76 AD3d 773, 774 [2010]).
Further, we find that Supreme Court did not abuse its discretion in effectively adjourning the return date for this proceeding and extending the time to answer by accepting Buttermann's pro se "Answer/Objections in Point of Law" (see CPLR 2004; Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 126 AD3d 1105, 1105 [2015]). To that end, at the July 31, 2018 hearing, petitioners expanded their objections to incorporate the objections from the Lewandowski proceeding, and requested additional time to submit a memorandum of law and further arguments; these matters were further addressed at the August 2, 2018 hearing, at which time the proof was reopened and additional submissions permitted (see CPLR 409 [a]). It was only after the latter posthearing submissions were received that the court was able to make a "summary determination" of all issues raised in the pleadings, including the incorporated objections from the Lewandowski proceeding (CPLR 409 [b]). Under these circumstances, and considering the strong public policy favoring the resolution of cases upon their merits (see Luderowski v Sexton, 152 AD3d 918, 920 [2017]; Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 126 AD3d at 1105), Supreme Court did not abuse its discretion in accepting Buttermann's pro se "Answer/Objections in Point of Law" on August 2, 2018 (see generally CPLR 2004; Eagles Landing, LLC v New York City Dept. of Envtl. Protection, 75 AD3d 935, 936-937 [2010], lv denied 16 NY3d 710 [2011]).
We likewise find that Supreme Court did not err in granting Buttermann's request, at the August 2, 2018 hearing, to submit affidavits from two subscribing witnesses who had attested to a total of 22 signatures on sheets 9 and 56 of his designating petition. Supreme Court accepted the first of these two affidavits at the August 2, 2018 hearing and allowed Buttermann to submit [*3]the second affidavit later that day [FN3]. The affidavits addressed the propriety of the State Board's invalidation of those 22 signatures, which Buttermann argued at the hearing had been incorrectly invalidated. Importantly, petitioners' objections had been expanded at the initial hearing and, at the August 2, 2018 hearing, the proof was reopened and the documents from the Lewandowski proceeding were admitted. Although Buttermann, proceeding pro se, submitted the subject affidavits without filing a petition or cross petition pursuant to Election Law § 16-102 to validate the 22 disputed signatures that the State Board had invalidated, and made only general denials in his answer (see CPLR 3018), we find that Buttermann provided petitioners with sufficient notice of the specific invalidated signatures that he sought to restore through the affidavits, and petitioners were provided an adequate opportunity to respond (see Matter of Halloway v Blakely, 77 AD2d 932, 932 [1980]; cf. Matter of Krueger v Richards, 59 NY2d 680, 682-683 [1983]; Matter of Suarez v Sadowski, 48 NY2d 620, 621 [1979]; Matter of Belak v Rossi, 96 AD2d 1011, 1101-1102 [1983], lv denied 60 NY2d 552 [1983]). Under these circumstances, and given that "notice other than by cross petition may suffice where the [objectors] are thereby alerted to the [candidate's] intention to seek validation of signatures at the proceeding" (Matter of Halloway v Blakely, 77 AD2d at 932), we find no abuse of discretion in Supreme Court proceeding in this manner to restore 19 of the 22 signatures that had been invalidated by the State Board. Finally, while petitioners opposed Buttermann's submission of these affidavits both at the hearing and in a subsequent written submission to the court, their appellate claim that they had no opportunity to cross-examine the subscribing witnesses regarding the contents of their affidavits was not raised before Supreme Court and, as such, is unpreserved for our review (see CPLR 5501 [a] [3]).
Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.



Footnotes

Footnote 1: Lewandowski's objections were based upon the signatories' failure to register to vote or nonregistration in the Democratic Party, as well as one signatory who allegedly signed the designating petition twice.

Footnote 2: Petitioners' counsel represented that the State Board found, in the Lewandowski proceeding, that Buttermann's designating petition contained in excess of the required 500 valid signatures. The Lewandowski proceeding was withdrawn on the record at the August 2, 2018 hearing after the objections therein were incorporated into this proceeding.

Footnote 3: Petitioners argue that Supreme Court should not have considered the second affidavit because they did not receive a copy of that affidavit or learn of its existence until they were compiling the record on appeal. However, Supreme Court's order and judgment specifically listed the second affidavit as having been received and considered, and it discussed in detail the contents thereof. Upon receiving Supreme Court's order and judgment, it was incumbent upon petitioners to move for renewal and/or reargument (see CPLR 2221) or otherwise bring to Supreme Court's attention their claim that they were never served with a copy of the second affidavit.