**Pineda v Reyes**

2025 NY Slip Op 31507(U)

April 28, 2025

Supreme Court, New York County

Docket Number: Index No. 154818//2025

Judge: Jeffrey H. Pearlman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JEFFREY H. PEARLMAN**      PART      **44M**

*Justice*

-------------------------------------------------------------------X

ALEXANDER LORENZO REYES PINEDA, TOMAS RAMOS,

               Petitioner,

       - v -

NICHOLAS A. REYES, BOARD OF ELECTIONS IN THE CITY OF NEW YORK,

               Respondent.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154818/2025 |
| MOTION DATE | 04/14/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 5, 6, 7, 8, 9, 10, 11, 12, 17, 18, 19

were read on this motion to/for       ELECTION LAW - INVALIDATE PETITION    .

In this Election Law proceeding, Petitioner-objector Alexander Lorenzo Reyes Pineda and Petitioner-Objector Tomas Ramos (collectively, Petitioner-Objectors) move by Order to Show Cause for an order finding the Designating Petition of the Respondent-candidate Nicholas A. Reyes (Respondent-Candidate) as candidate of the Democratic party for the public office of Member of the New York City Council from the 8th Council District in the Primary Election to be held on June 24, 2025 to be invalid and declaring the designating petition filed with Respondent Board of elections purporting to designate Respondent-candidate as candidate for the above public office on the official ballots to be used at the Primary Election to be held on June 24, 2025 to be a legal nullity. Petitioner-objector additionally seeks an order directing Respondent Board of Elections to not place and/or print the name of Respondent-candidate as candidate for the above public office in the Primary Election to be held on June 24, 2025, and reversing any contrary determination of Respondent Board of Elections that have been made or

may hereinafter be made (Motion Seq. 001). This memorandum decision is limited to addressing Petitioner-objector's claim that "signatures have been forged and/or other fraud has been committed" (Verified Petition, ¶15(q); 4/25/25 Oral Argument) as well as the renewed request advanced by Counsel for Petitioner-Objectors for this Court to issue two so-ordered subpoenas for Respondent-Candidate Nicholas A. Reyes and Althea Scott (4/25/25 Oral Argument; 4/25/25 Affirmation of Aaron Foldenauer, NYSCEF Doc. No. 17; Subpoenas, NYSCEF Doc. No. 18, 19).

CPLR § 3016(b) requires that fraud be plead with specificity, and this requirement applies to all Election Law Proceedings (Thomas v Eugene, 41 Misc3d 418 [Supreme Court, Kings Co. 2013]; Matter of Robinson v Edwards (54 AD3d 682 [2d Dept 2008]). While an "unassailable proof of fraud" is not required, there needs to be sufficient facts to apprise the candidate of the allegations being made against the designating petition (Matter of Robinson (54 AD3d 682). This is precisely why the 2025 Election Law Part Rules for New York County contains a requirement for a party alleging fraud to present a complete written offer of proof, "including a statement as to the number of witnesses expected to be called, the identification of each such witness (by name, address, volume, page and line) and the status of each such witness (e.g., candidate, signatory, subscribing witness, notary public, etc.)." (2025 New York County Election Law Part Rules, https://www.nycourts.gov/legacypdfs/courts/1jd/supctmanh/PDF/NYCounty-Election-PartRules2025.pdf).

Petitioner-Objectors did not present a complete written offer of proof as required by the 2025 New York County Election Law Part Rules. They argue that the written Objections and

**154818/2025  REYES PINEDA, ALEXANDER LORENZO ET AL vs. REYES, NICHOLAS A. ET AL**      **Page 2 of 5**
**Motion No.  001**

2 of 5

[* 2]

Specifications of Objections to the Respondent-Candidate's Designating Petition filed with the Respondent Board of Elections on April 7, 2025 and April 14, 2025 pursuant to Election Law § 6-154, which are to be incorporated with the Verified Petition and considered in support of the request for relief (Verified Petition ¶¶ 6,7), is sufficient proof of their alleged claims of fraud. The Objections and Specifications of Objections to the Respondent-Candidate's Designating Petition claimed filed with the Respondent Board of Elections by Petitioner-Objectors are not annexed to the Petition or the Order to Show Cause and were not presented to the Court at Oral Argument (NYSCEF Doc. Nos. 1, 3, 5).

Respondent-Candidate correctly argues that Petitioner-Objectors have no right to file a Bill of Particulars or any additional objections of proofs, and are now limited to their Petition and the schedule for objections at the Board of Elections (Answer, NYSCEF Doc. No. 13); 4/25/25 Oral Argument; Election Law § 6-154(2)), as the right to add additional objections after commencement of a proceeding brought pursuant to Election Law §16-102 is granted solely to aggrieved candidates (Matter of Lancaster v Nicolas, 153 AD3d 829 [2d Dept 2017]). Moreover, this Court specified in its Election Law Part Rules that a Bill of Particulars was only available for use by an aggrieved candidate (2025 New York County Election Law Part Rules; CPLR §402). The reason for this limitation is because the non-candidate objector, as part of these proceedings, already had the opportunity to file both general and specific objections with the Board of Elections and should not be given additional time to plead their claim of fraud.

As Petitioner-Objectors claim of fraud is pled insufficiently, the claim of fraud alleged in the Petition must be, and is, dismissed (Matter of Waugh v Nowicki, 10 AD3d 437 [2d Dept 2004];

[* 3]

Green v Mahr, 231 AD2d 480 [2d Dept 1996]; Ford v D'Apice, 133 AD2d 191 [2d Dept 1987], Bradley v D'Apice, 91 AD2d 691 [2d Dept 1982]).

With respect to the renewed request for subpoenas, after careful consideration, the Court declines to so-order the subpoena for the Respondent-Candidate because the claim advanced, i.e. that the Respondent-Candidate "engaged in fraud which, [Petitioner-Objectors submit] permeates and invalidates the Petition" (4/25/25 Affirmation of Aaron Foldenauer p. 1, NYSCEF Doc. No. 17) because the claim as advanced is one of fraud which was not properly pled.

The request for a so-ordered subpoena ad testificandum Althea Scott, which seems to relate to a specific line-by-line challenge, is granted and said subpoena will be contemporaneously uploaded with this Decision and Order.

Accordingly, it is

**ORDERED** that the portion of Petitioner-Objectors Order To Show Cause seeking to invalidate the Designating Petition of the Respondent-candidate Nicholas A. Reyes as candidate of the Democratic party for the public office of Member of the New York City Council from the 8th Council District in the Primary Election to be held on June 24, 2025 and declare said designating petition a legal nullity based on the claim that "signatures have been forged and/or other fraud has been committed" (Verified Petition, ¶15(q); is denied and the claim dismissed for failure to plead fraud with particularity pursuant to CPLR 3016(b); and it is further

**154818/2025   REYES PINEDA, ALEXANDER LORENZO ET AL vs. REYES, NICHOLAS A. ET AL**           **Page 4 of 5**
**Motion No.  001**

[* 4]

4 of 5

**ORDERED** that the request advanced by Petitioner-Objectors for this Court to issue so-ordered subpoenas ad testificandum is granted solely as to Althea Scott and denied as to Respondent-Candidate Nicholas A. Reyes; and it is further

**ORDERED** that Counsel for the parties are directed to appear in the Election Law Part (IAS Part 44), New York State Supreme Court, Room 321, 60 Centre Street New York, New York, 10007 at 9:30 a.m. on Tuesday April 29, 2025 to provide updates to the Court as to status of all outstanding Board of Elections Rulings and for assignment, as necessary, to a Special Referee for resolution of any outstanding issues.

This constitutes the Decision and Order of the Court.

4/28/2025
_____
DATE

HON. JEFFREY H. PEARLMAN
J.S.C.
JEFFREY H. PEARLMAN, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154818/2025   REYES PINEDA, ALEXANDER LORENZO ET AL vs. REYES, NICHOLAS A. ET AL**   Page 5 of 5
**Motion No.  001**

5 of 5