**Pineda v Colon**

2025 NY Slip Op 31506(U)

April 28, 2025

Supreme Court, New York County

Docket Number: Index No. 154816/2025

Judge: Jeffrey H. Pearlman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   HON. JEFFREY H. PEARLMAN

*Justice*

PART   44M

-------------------------------------------------------------------X

ALEXANDER LORENZO REYES PINEDA, TOMAS RAMOS

Petitioner,

- v -

FEDERICO COLON, BOARD OF ELECTIONS IN THE CITY OF NEW YORK,

Respondent.

-------------------------------------------------------------------X

INDEX NO.   154816/2025

MOTION DATE   04/14/2025

MOTION SEQ. NO.   001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 5, 6, 8, 9, 10, 11 were read on this motion to/for   ELECTION LAW - INVALIDATE PETITION   .

In this Election Law proceeding, Petitioner-objector Alexander Lorenzo Reyes Pineda and Petitioner-Objector Tomas Ramos (collectively, Petitioner-Objectors) move by Order to Show Cause for an order finding the Designating Petition of the Respondent-candidate Federico Colon (Respondent-Candidate) as candidate of the Democratic party for the public office of Member of the New York City Council from the 8th Council District in the Primary Election to be held on June 24, 2025 to be invalid and declaring the designating petition filed with Respondent Board of Elections in the City of New York (Respondent Board of Elections) purporting to designate Respondent-candidate as candidate for the above public office on the official ballots to be used at the Primary Election to be held on June 24, 2025 to be a legal nullity, reversing any contrary determination of Respondent Board of Elections that have been made or may hereinafter be made (Motion Seq. 001). This memorandum decision is limited to addressing Petitioner -

**154816/2025  REYES PINEDA, ALEXANDER LORENZO ET AL vs. COLON, FEDERICO ET AL**
**Motion No.  001**

Page 1 of 5

[* 1]

Objectors' claim that "signatures have been forged and/or other fraud has been committed" (Verified Petition, ¶15(q); 4/25/25 Oral Argument).

CPLR § 3016(b) requires that fraud be plead with specificity, and this requirement applies to all Election Law Proceedings (Thomas v Eugene, 41 Misc3d 418 [Supreme Court, Kings Co. 2013]; Matter of Robinson v Edwards (54 AD3d 682 [2d Dept 2008]). While an "unassailable proof of fraud" is not required, there needs to be sufficient facts to apprise the candidate of the allegations being made against the designating petition (Matter of Robinson (54 AD3d 682). This is precisely why the 2025 Election Law Part Rules for New York County contains a requirement for a party alleging fraud to present a complete written offer of proof, "including a statement as to the number of witnesses expected to be called, the identification of each such witness (by name, address, volume, page and line) and the status of each such witness (e.g., candidate, signatory, subscribing witness, notary public, etc.)" (2025 New York County Election Law Part Rules, https://www.nycourts.gov/legacypdfs/courts/1jd/supctmanh/PDF/NYCounty-Election-PartRules2025.pdf).

Petitioner-Objectors did not present a complete written offer of proof as required by the 2025 New York County Election Law Part Rules. Petitioner-Objectors argue that the written Objections and Specifications of Objections to the Respondent-Candidate's Designating Petition filed with the Respondent Board of Elections on April 7, 2025 and April 14, 2025 pursuant to Election Law § 6-154, which are to be incorporated with the Verified Petition and considered in support of the request for relief (Verified Petition ¶¶ 6,7), is sufficient proof of claims of fraud. The Objections and Specifications of Objections to the Respondent-Candidate's Designating

**154816/2025 REYES PINEDA, ALEXANDER LORENZO ET AL vs. COLON, FEDERICO ET AL** **Page 2 of 5**
**Motion No. 001**

2 of 5

[* 2]

Petition claimed filed with the Respondent Board of Elections by Petitioner-Objectors, however, are not annexed to the Petition or the Order to Show Cause and were not presented to the Court at Oral Argument (NYSCEF Doc. Nos. 1, 3, 5).

Respondent-Candidate correctly argues in his Affirmation in Opposition that Petitioner-Objectors cannot cure their deficient pleadings with the attempted filing and serving of a Bill of Particulars because the fraud claims alleged therein alleged are also vague and contain insufficient detail to apprise Respondent-Candidate of the allegations made against his designating petition (Affirmation in Opposition).

This Court agrees. CPLR § 402 limits pleadings in a special proceeding to a petition, an answer, and a reply to any counterclaim asserted unless the Court permits the submission of other pleadings. The 2025 Election Law Part Rules for New York County specifically permits only an aggrieved candidate to file a Bill of Particulars (2025 New York County Election Law Part Rules). The reason for this limitation is because the non-candidate objector, as part of these proceedings, already had the opportunity to file both general and specific objections with the Board of Elections and should not be given additional time to plead their claim of fraud, especially in light of this Part's additional requirement that any party alleging fraud present a complete written offer of proof prior to the return date of these proceedings (id.), which Petitioner-Objectors did not do.

As Petitioner-Objectors claim of fraud is pled insufficiently, the claim of fraud alleged in the Petition must be, and is, dismissed (Matter of Waugh v Nowicki, 10 AD3d 437 [2d Dept 2004];

**154816/2025  REYES PINEDA, ALEXANDER LORENZO ET AL vs. COLON, FEDERICO ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

Green v Mahr, 231 AD2d 480 [2d Dept 1996]; Ford v D'Apice, 133 AD2d 191 [2d Dept 1987], Bradley v D'Apice, 91 AD2d 691 [2d Dept 1982]).

Accordingly, it is

**ORDERED** that the portion of Petitioner-Objectors Order To Show Cause seeking to invalidate the Designating Petition of the Respondent-candidate Federico Colon as candidate of the Democratic party for the public office of Member of the New York City Council from the 8th Council District in the Primary Election to be held on June 24, 2025 and declare said designating petition a legal nullity based on the claim that "signatures have been forged and/or other fraud has been committed" (Verified Petition, ¶15(q); is denied and the claim dismissed for failure to plead fraud with particularity pursuant to CPLR 3016(b); and it is further

**ORDERED** Counsel for the parties are directed to appear in the Election Law Part (IAS Part 44), New York State Supreme Court, Room 321, 60 Centre Street New York, New York, 10007 at 9:30 a.m. on Tuesday April 29, 2025 to provide updates to the Court as to status of all outstanding Board of Elections Rulings and for assignment, as necessary, to a Special Referee for resolution of any outstanding issues.

**154816/2025  REYES PINEDA, ALEXANDER LORENZO ET AL vs. COLON, FEDERICO ET AL**          **Page 4 of 5**
**Motion No.  001**

[* 4]                                                           4 of 5

This constitutes the Decision and Order of the Court

4/28/2025
DATE

HON. JEFFREY H. PEARLMAN
J.S.C.

JEFFREY H. PEARLMAN, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154816/2025  REYES PINEDA, ALEXANDER LORENZO ET AL vs. COLON, FEDERICO ET AL**
**Motion No. 001**

**Page 5 of 5**

5 of 5

[* 5]