■ In the Matter of MARTIN DILAN, Respondent, v NANCY CARULLI, Appellant, and JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents.—In a proceeding, *inter alia,* to invalidate petitions designating appellant Nancy Carulli as a candidate in the election to be held on May 3, 1977 for the public position of Member of the New York City Community School Board, District 32, the appeal is from a judgment of the Supreme Court, Kings County, entered April 12, 1977, which, after a hearing, granted the application. Judgment reversed, on the law, without costs or disbursements, application denied, and the board of elections is directed to place the name of Nancy Carulli upon the appropriate ballot. After a hearing on April 1, 1977, the referee concluded that appellant had 195 valid signatures, and that an additional 42 signatures were in dispute; 200 signatures are required for nomination. The disputed signatures are on sheets verified by one of two subscribing witnesses whose qualifications were challenged. If either subscribing witness were found to be qualified, there are sufficient valid signatures for nomination. The hearing continued on April 4 and 5, 1977, to inquire into the issue of the qualifications of the questioned subscribing witnesses. One of them did not appear at that hearing. In the absence of the testimony of the subscribing witness, petitioner did not meet his burden of proving the invalidity of the nominating petitions (see *Matter of Ecker v Cohen,* 239 App Div 145). Since petitioner is unable to disqualify the first subscribing witness, appellant has sufficient valid signatures for nomination and it is not necessary to consider the qualifications of the second witness. We note that the substituted service of the subpoena upon the first subscribing witness was improper under the facts adduced at the hearing. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ In the Matter of SHIRLEY FLOWERS, Appellant, v KATHERINE WELLS et al., Respondents-Respondents, and JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents.—In a proceeding, *inter alia,* to validate petitions designating petitioner-appellant as a candidate in the election to be held on May 3, 1977 for the public position of Member of the New York City Community School Board, District 23, the appeal is from a judgment of the Supreme Court, Kings County, dated April 7, 1977, which, after a hearing, (1) denied the petition and (2) directed the board of elections to remove petitioner's name from the appropriate ballot. Judgment affirmed, without costs or disbursements. Section 2590-c (subd 6, par [3]) of the Education Law provides that an elector may only sign one petition. Petitioner's petitions contained 42 signatures of people who had previously signed petitions for other candidates. Those names were correctly invalidated by Special Term. The fact that the objection to the previously signed names was not made before the board of elections did not preclude the objectors from raising it before Special Term. Special Term has jurisdiction to hear objections to nominating petitions irrespective of whether they were raised before the board of elections (see *Matter of Vona v Cohen,* 150 Misc 649, affd 240 App Div 827, affd 262 NY 706). Petitioner's contention that any other candidate must be a party to this action is without merit. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.