OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The Supreme Court was correct in holding that the respondents were not entitled to submit evidence to refute the findings of the Board of Elections that a large number of the signatures on the petition were invalid.
The candidates submitted 1,366 signatures and the Board of Elections held that 472 were valid. Since a total of 346 valid signatures was needed the Board of Elections declared the respondents as candidates for certain Democratic Party positions. The petitioners commenced this proceeding by order to show cause supported by a verified petition with specifications seeking to invalidate a number of signatures which the Board of Elections had held to be valid. The referee filed a report, confirmed by the court, concluding that only 333 of the signatures found to be valid by the board were in fact valid. During the hearing before the referee respondents sought for the first time to show that a number of signatures which the Board of Elections had found to be invalid (and which had not been placed before the court by any petition to validate, by order to show cause, or in other manner, and thus were not before the court) were actually valid. In view of the. fact that no cross petition to validate had been filed and the petitioners were not otherwise alerted by way of notice in the proceeding that respondents intended to seek validation of these signatures, it would be manifestly unfair to suddenly confront them with the necessity of meeting whatever proof the respondents sought to offer. This is particularly true considering the necessity of speedy disposition in cases of this sort. Under these circumstances, the respondents were not entitled to the affirmative relief sought.
The proposal made by the dissenters is simply false economy. They would require less procedural orderliness than the minimum needed to ensure an efficient and expeditious resolution of election matters. Under the approach they suggest no one could ever be sure whether the proceeding would finally be terminated when the court rules on the specific objections *622 raised in the petition. There would always be the possibility that the respondent could raise new issues without any prior notice and thus require full resumption of the proceeding on points which neither the parties nor the court were previously prepared to consider. This may save the time of one party but it would not promote judicial economy or ensure fairness to all of the litigants.