■ In the Matter of EMANUEL ROSENBERG, Petitioner. — Motion by petitioner for reinstatement to the Bar of the State of New York, upon the compliance with the order of this court, which required him to enroll and attend a bar review course and to submit proof of such compliance with said condition. The petitioner has submitted an affidavit that he attended a formal bar review course and has completed said course. The court finds that petitioner has complied with its order and directs that the petitioner Emanuel Rosenberg be reinstated as an attorney and counselor at law, and the clerk of this court is directed to restore his name to the roll of attorneys, forthwith. Mollen, P. J., Damiani, Lazer, Mangano and Weinstein, JJ., concur.

# (September 16, 1982)

■ In the Matter of MARY A. STARR et al., Appellants, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. — Appeal from a judgment of the Supreme Court, Kings County (Schneier, J.), dated September 9, 1982, which, *inter alia,* dismissed petitioners' application to invalidate the designating petition of Owen Augustin as candidate in the Democratic Party primary election for the public office of Congressman, 12th Congressional District. By order dated September 13, 1982 this court remitted the matter to the Supreme Court, Kings County, for a line-by-line review of the 379 challenged signatures contained in petitioners' Exhibit No. 2 submitted at the hearing held on September 3, 1982; the appeal was held in abeyance in the interim (*Matter of Starr v Board of Elections,* 89 AD2d 990). Special Term has now complied. Judgment reversed, on the law, without costs or disbursements, application granted and the Board of Elections is directed to remove the name of Owen Augustin from the appropriate ballot. Special Term has confirmed the special referees' report that there are an insufficient number of valid signatures on respondent Owen Augustin's designating petition. Accordingly, petitioners' application to invalidate the petition should be granted. Augustin contends that he should now be permitted to review those signatures previously found to be invalid by the Board of Elections. However, in light of his failure to properly commence a proceeding to validate his designating petition, and the fact that the affirmative defense in his answer to petitioners' application, that "[t]he candidate has and can establish sufficient signatures to remain on the ballot and validate his candidacy", was struck by Special Term, we find his request to be untimely (see *Matter of Suarez v Sadowski,* 48 NY2d 620). We have considered the other contentions raised by Augustin and find them to be without merit. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.