■ In the Matter of JAY BELAK, Appellant, v EDWARD C. ROSSI et al., Constituting the Board of Elections of Schenectady County, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Graves, J.), entered August 19, 1983 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the designating petition naming respondents Nicholas C. Barber and Salvatore J. Longo as Conservative Party candidates for the Schenectady County Board of Representatives, District One, in the September 13, 1983 primary election. This proceeding involves a challenge to a joint designating petition of two candidates seeking the Conservative Party nomination for a seat on the Schenectady County Board of Representatives. In addition to claiming that there was an insufficient number of valid signatures on the designating petition, petitioner challenged respondent Longo's right to appear on the primary ballot due to his failure to designate the office he is seeking on each sheet of the petition. Special Term did not conduct a hearing on the individual signatures challenged after ruling that petitioner was limited to challenging only those signatures against which objections had been filed with the board of elections. It was conceded by petitioner that, if he were so limited, a "line-by-line" hearing would be unnecessary since the number of signatures on the petition which were not challenged before the board of elections exceeded the number required for designation on the primary ballot. Special Term also held that the absence of the office being sought next to respondent Longo's name on the petition did not render his petition invalid. There must be an affirmance. While petitioner is correct in his contention that Special Term has jurisdiction to hear objections to signatures other than those objected to before the board of elections (*Matter of Halloway v Blakely,* 77 AD2d 932; *Matter of Flowers v Wells,* 57 AD2d 636), fundamental notions of due process require that a candidate be given some notice of which signatures on his petition are being challenged (see *Matter of Suarez v Sadowski,* 48 NY2d 620, 621). In *Matter of Flowers v Wells (supra)*, which was a proceeding brought by the candidate to validate a petition, there could be no surprise to the petitioner if any of the signatures were challenged since his action in bringing the proceeding had the effect of placing the validity of the entire petition before the court. There was also no prejudice to the candidate in *Matter of Halloway v Blakely (supra)* resulting from the challenge to signatures against which no objections had been filed with the board of elections since the pleadings in that proceeding fairly apprised the parties which signatures were being contested. In contrast to those cases, respondents Barber and Longo were not given notice in this proceeding that petitioner intended to challenge any of the signatures in their designating petition other than those challenged before the board of elections. Petitioner's pleading made reference to the objections filed against the designating petition with the board of elections, listed general objections to the signatures, and requested the right to submit additional proof "to sustain the allegations contained therein". Petitioner's specific objections, which challenged signatures not previously challenged before the board of elections, were

not served with petitioner's pleading and it does not appear that the candidates had notice of them until the matter was heard at Special Term. Under these circumstances, we find no error in Special Term's decision denying petitioner the opportunity to challenge any signatures not challenged before the board of elections since a fair reading of the pleadings does not give notice that any other signatures were being contested. Finally, there is no reason to invalidate respondent Longo's petition because of the failure to have the office he is seeking listed precisely next to his name on the top of each page of the petition. The designating petition at issue was a joint petition attempting to place both respondents Barber and Longo on the primary ballot for the Conservative Party nomination for the Schenectady County Board of Representatives, District One. The office being sought was clearly typed opposite Barber's name on the top of the petition while Longo's name, which appeared below Barber's, had nothing alongside it. Since the required information appeared on the petition, there is no need to invalidate the petition where, as here, there has been substantial compliance with the statutorily prescribed format (see *Matter of Ryan v Board of Elections of City of N. Y.*, 53 NY2d 515). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.