SECOND DEPARTMENT, SEPTEMBER, 1988

(September 7, 1988)

■ In the Matter of ADA L. SMITH, Respondent-Appellant, v FERDINAND MARCHI, Respondent, and TITO VELEZ et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of TITO VELEZ et al., Appellants-Respondents, v ADA SMITH, Respondent-Appellant. (Proceeding No. 2.)—In a proceeding to validate a petition designating Ada L. Smith as a candidate in the Democratic Party primary election to be held on September 15, 1988, for the public office of New York State Senator in the 20th Senatorial District, and a cross proceeding to invalidate the petition, the appeal is from a judgment of the Supreme Court, Kings County (Dowd, J.), dated August 29, 1988, which, after a hearing, dismissed the cross proceeding to invalidate the petition and granted the application to validate the petition, and the cross appeal is from so much of the same judgment as invalidated certain signatures on the designating petition.

Ordered that the cross appeal is dismissed, without costs or disbursements (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Prior to the line-by-line hearing conducted by the Trial Judge pursuant to the order of this court (see, Matter of Smith v Marchi, 143 AD2d 239), the Trial Judge denied the objectors' application to assert an additional challenge to 31 signatures to which objections previously had been made. This challenge was based on the contention that the same 31 voters had, in fact, signed another candidate's petition at an earlier point in time (see, Election Law § 6-134 [5]). It is settled that the trial court has jurisdiction to entertain objections to signatures on designating petitions on grounds other than those asserted before the Board of Elections and, under the circumstances, we conclude that the court should have addressed the objectors' additional challenges (see, Matter of Starr v Board of Elections, 89 AD2d 978; Matter of Halloway v Blakely, 77 AD2d 932; Matter of Flowers v Wells, 57 AD2d 636).

Further, the trial court erroneously concluded that subscribing witness Jessie M. Conley was not, at the time she circulated the petition, an enrolled Democrat (see, Matter of Delos-

*rios v Santiago,* 89 AD2d 976), and, therefore, improperly invalidated certain signatures witnessed by her and refused to rule upon the Referees' invalidation of other signatures witnessed by her.

We therefore remit this matter to the Supreme Court, Kings County, for an immediate hearing on the validity of the signatures placed in issue by both parties and for a determination of the validity of the subject designating petition consistent herewith.

We have considered the remaining arguments asserted by the parties and find them to be without merit. Bracken, J. P., Rubin, Spatt, Harwood and Balletta, JJ., concur.