■ In the Matter of JOHN J. FERLICCA, Appellant-Respondent, v RONALD J. STARKWEATHER et al., Constituting the Monroe County Board of Elections, Respondents, and ROBERT G. O'MEALIA et al., Respondents-Appellants. [— NYS2d —] —Cross appeal unanimously dismissed *(see, Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488; *Matter of Brown v Starkweather,* 197 AD2d 840, *lv denied* 82 NY2d 653) and order affirmed without costs. Memorandum: Supreme Court properly denied the petition seeking to compel respondent Commissioners of the Monroe County Board of Elections to accept and validate two petitions for an opportunity to ballot. Those petitions were fatally defective for failure to designate a committee to receive notices as required by Election Law §§ 6-164 and 6-166 *(see, Matter of Krupczak v Mancini,* 153 AD2d 785, 786). (Appeals from Order of Supreme Court, Monroe County, Ark, J.—Election Law.) Present—Green, J. P., Pine, Lawton, Fallon and Wesley, JJ. (Filed Aug. 23, 1995.)

■ In the Matter of ALVIN THOMAS, Appellant, v ROGER I. BLACKWELL et al., Constituting the Erie County Board of Elections, et al., Respondents. [632 NYS2d 989] —Order unanimously affirmed without costs. Memorandum: On appeal from an order dismissing his petition to declare a designating petition invalid, petitioner argues that Supreme Court erred in precluding him from raising objections to the designating petition for the first time at the hearing on his petition. We conclude that, under the facts of this case, petitioner was properly precluded from attempting to prove defects not listed in the specifications of objections before the Board of Elections or in the order to show cause *(see, Matter of Suarez v Sadowski,* 48 NY2d 620; *Matter of Levitt v Mahoney,* 133 AD2d 516; *Matter of Belak v Rossi,* 96 AD2d 1011, *lv denied* 60 NY2d 552). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Election Law.) Present—Green, J. P., Pine, Lawton, Fallon and Wesley, JJ. (Filed Aug. 23, 1995.)