■ In the Matter of STASIA T. VOGEL et al., Appellants, v ROGER I. BLACKWELL et al., Constituting the Erie County Board of Elections, et al., Respondents. [639 NYS2d 190]

Memorandum: Supreme Court erred in failing to grant the petition to validate the designating petition of petitioners as candidates for the party positions of delegate and alternate delegate to the Republican National Convention from the 30th Congressional District. Respondent Erie County Board of Elections invalidated seven signatures of Town of Cheektowaga residents on the ground that a ward, "UNI", was incorrectly identified for those signatories on the designating petition. Because the Town of Cheektowaga has no wards, the court upheld the determination of the Board of Elections that the identification of "UNI" constituted a failure to comply with the statutory requirement that the designating petition set forth the "ward (if any)" of the signer (Election Law § 6-130 [1]). That was error.

In our view, inclusion of the term "UNI" in the "ward" column of the designating petition is mere surplusage and "constituted an inconsequential error which did not warrant invalidation of the designating petition" (*Matter of Barrett v Scaringe*, 65 NY2d 946, 949, citing *Matter of Jonas v Black*, 63 NY2d 685, *affg* 104 AD2d 466). We, therefore, validate the seven signatures, which gives petitioners more than the number of signatures required by section 6-136 (2) (g) of the Election Law.

The court properly declined to consider petitioners' challenges to the validity of respondent Sullivan's objections, raised for the first time at the hearing on the petition (*see, Matter of Thomas v Blackwell*, 219 AD2d 795). The court also properly

declined to consider the unsubstantiated contention of petitioners that 20 unspecified signatures were improperly invalidated on the ground that the signatories were not registered voters in the district. "It is fundamental that a court should not decide a constitutional issue except where it is unavoidable, and should not decide a case on constitutional grounds where the decision may be based on alternative, nonconstitutional grounds" (*Ajay Glass & Mirror Co. v County of Erie*, 155 AD2d 988, 988-989). Thus, we decline to address petitioners' constitutional challenges. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Election Law.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.