(March 18, 1996)

■ In the Matter of JOSEPH MAXWELL, Appellant, v TIMOTHY E. HILL et al., Constituting the Board of Elections of the County of Sullivan, et al., Respondents. [640 NYS2d 280] —Per Curiam.

On February 13, 1996, an independent nominating petition was filed by the Liberty's Choice Party in the office of the Sullivan County Board of Elections (hereinafter the Board) purporting to nominate respondent Joan M. Stoddard (hereinafter respondent) as a candidate for the office of Village of Liberty Trustee. Petitioner timely filed an objection to the independent nominating petition, as well as specifications of objections, with the Board. Prior to receiving the Board's determination, petitioner, by order to show cause, petitioned to invalidate respondent's independent nominating petition.

Thereafter, the Board sustained the independent nominating petition on the ground that it could not reach a majority in ruling on the objections. In the Board's determination, respondent Timothy E. Hill, a Board Commissioner, in voting to overrule an objection made by petitioner that a subscribing witness's failure to insert an election district in the statement of a witness is a fatal defect, asserted that there are no election districts in the Village. In light of that assertion, petitioner notified counsel for respondent that, in the event Supreme Court determined that there were no election districts in the

Village of Liberty, he intended to raise the alternative argument that the insertion of improper election districts by signatories and witnesses renders the independent nominating petition invalid. In a reply affirmation of petitioner's counsel to Supreme Court, a specific request was made to the court to amend the petition to reflect that alternative objection in the event the court found the Village had no election districts.

Supreme Court, finding that the independent nominating petition contained sufficient valid signatures, dismissed the proceeding. In so deciding, the court specifically found that the Village has not been divided into election districts. Petitioner appeals.

The issue is whether respondent's independent nominating petition complied with the mandates of Election Law § 6-206. Because we are of the view that it does not, we reverse Supreme Court's order, grant petitioner's motion to amend the petition and, as amended, grant the petition.

Pursuant to Election Law § 6-206 (4), respondent was required to obtain at least 75 signatures of voters in the Village on the independent nominating petition. Of paramount concern in this proceeding is the fact, as asserted by, among others, respondent, and accepted as true by this Court, that the Village does not have any Village election districts (see, Election Law § 15-110). Notwithstanding this fact, every person who signed the petition, bar one, inserted an election district, by reference to the number 1, 2, 5, 6, 7 or 8, in the box delineated "Village Election District if any". Similarly, several of the subscribing witnesses inserted an election district, by reference to the number 1, 2 or 5, in the statement of witness.

The insertion of an incorrect election district by a signatory or subscribing witness on a nominating petition is a fatal defect (see, Matter of Higby v Mahoney, 48 NY2d 15; Matter of Morgan v Jenkins, 208 AD2d 732; Matter of Phanelson v Pabon, 192 AD2d 609, lv denied 81 NY2d 708; Matter of Falu v Wagner, 185 AD2d 791, lv denied 80 NY2d 754; Matter of Harfmann v Sachs, 138 AD2d 550, lv denied 71 NY2d 803; Matter of Rutherford v Jones, 128 AD2d 978, lv denied 69 NY2d 606; but see, Matter of Vogel v Blackwell, 225 AD2d 1091). Assuming, without deciding, that the insertion of either 0 or 1 would suffice as the proper designation of a single Village-wide election district, there still remains an insufficient number of valid signatures to satisfy the mandates of Election Law § 6-206 (4). Therefore, we are constrained to grant the amended petition.

As a final matter, we note that petitioner properly raised his

objections to the insertion of incorrect election districts before Supreme Court, though not raised before the Board. Given the alacrity with which petitioner informed counsel for respondent of his intention to raise this argument in the court proceeding, in addition to petitioner's specific request in his counsel's reply affirmation to amend the petition and the affirmative assertion in respondent's answer that the Village does not have election districts, we find that respondent was given sufficient notice of petitioner's additional objections (*cf.*, *Matter of Suarez v Sadowski*, 48 NY2d 620; *Matter of Belak v Rossi*, 96 AD2d 1011, *lv denied* 60 NY2d 552) to satisfy fundamental notions of due process (*see*, *Matter of Smith v Marchi*, 143 AD2d 325; *cf.*, *Matter of Levitt v Mahoney*, 133 AD2d 516).

In light of this disposition, we do not address the remaining arguments advanced by petitioner.

Cardona, P. J., Mercure, Crew III, White and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitioner's motion to amend the petition granted, amended petition granted and the independent nominating petition of respondent Joan M. Stoddard is declared invalid.