dum as in *Matter of Santoro v Schreiber* (263 AD2d 953 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Vacate Judgment.) Present—Pine, J. P., Lawton, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ In the Matter of ANNEMARIE SANTORO et al., Respondents, v BETTY SCHREIBER et al., Appellants. (Appeal No. 2.) [695 NYS2d 443] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Ronald W. Nesbitt (petitioner), a member of the Town Board of the Town of Webster (Town) and the Water Commissioner for the Town, filed written objections and commenced this special proceeding pursuant to Town Law § 91, seeking to invalidate 23 petitions for permissive referenda signed and filed by property owners in various Town water districts. The referendum petitions sought to submit to the electors of the districts for approval or disapproval the resolutions of the Town Board implementing and funding a change in the water supplier for the various water districts from the Village of Webster to the Monroe County Water Authority.

Respondents waived any objection to petitioner's standing because they did not raise the defense of lack of standing either in a preanswer motion or in their responsive pleadings (*see,* CPLR 3211 [a] [3]; [e]; *Matter of Prudco Realty Corp. v Palermo,* 60 NY2d 656, 657; *Gilman v Abagnale,* 235 AD2d 989, 990).

Supreme Court erred in, *sua sponte,* adding eight petitioners as parties to the proceeding. Their petitions were not accompanied by orders to show cause in accordance with Election Law § 16-116 and thus the court had no jurisdiction with respect to those petitions. Moreover, a special proceeding is commenced by filing a notice of petition or order to show cause and petition (*see,* CPLR 304), and, absent such filing, service of the petitions is a nullity (*see, Matter of Millar v Tolly,* 252 AD2d 872). We modify the orders in appeal Nos. 1 and 2, therefore, by deleting those eight petitioners from the caption of the proceeding, and we further modify the order in appeal No. 1 by vacating the last ordering paragraph.

The court also erred in invalidating the referendum petitions, after reargument, upon two grounds not raised by petitioner in his objections filed with the Town Clerk or in his petitions filed in Supreme Court (*see, Matter of Vogel v Blackwell,* 225 AD2d 1091; *Matter of Thomas v Blackwell,* 219 AD2d 795). Fundamental fairness requires that prior notice be given of the basis for the challenge to referendum petitions (*see, Matter of Suarez v Sadowski,* 48 NY2d 620; *Matter of Levitt v Ma-*

*honey* [appeal No. 2], 133 AD2d 516; *Matter of Belak v Rossi*, 96 AD2d 1011, *lv denied* 60 NY2d 552). Reargument is not a vehicle for parties to raise new questions or "advance arguments different from those tendered on the original application" (*Foley v Roche*, 68 AD2d 558, 568). However, with a single exception, the court properly invalidated the referendum petitions on the additional ground that they had insufficient numbers of signatures, because they were filed separately and were not fastened together in accordance with Town Law § 91 (*see, Matter of Stemmer v Ehlers*, 129 AD2d 1010). The pleadings and supporting papers filed with the order to show cause provided respondents with sufficient notice of that ground, i.e., that the separate petitions could not be combined for the purpose of calculating signatures. Sufficient valid signatures were gathered on the single petition for the Maple Drive Water District, and thus we further modify the order in appeal No. 2 by vacating the determination that the Maple Drive Water District petition for a permissive referendum on Resolution No. 87/98 is invalid and dismissing the petition seeking to invalidate the Maple Drive referendum petition. (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Town Law.) Present—Pine, J. P., Lawton, Pigott, Jr., Hurlbutt and Scudder, JJ.