■ In the Matter of SUZANNE M. SADOFSKY, Respondent, v CHARLES G. DIGIACOMO, Appellant, et al., Respondent. [694 NYS2d 727] —In a proceeding pursuant to Election Law article 16 to invalidate a petition designating Charles G. DiGiacomo as a candidate in a primary election to be held on September 14, 1999, for the nomination of the Democratic Party as its candidate for the public office of member of the Westchester County Legislature, District 1, in a general election to be held on November 2, 1999, the appeal is from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered August 23, 1999, which denied the motion of Charles G. DiGiacomo to dismiss the petition, and (2) a final order of the same court dated September 2, 1999, which, *inter alia,* granted the petition and, in effect, directed that the name of Charles G. DiGiacomo be removed from the ballot for the November 2, 1999, general election.

Ordered that the appeal from the order entered August 23, 1999, is dismissed, without costs or disbursements; and it is further,

Ordered that the final order is affirmed, without costs or disbursements.

The appeal from the intermediate order entered August 23, 1999, must be dismissed because the right of direct appeal therefrom terminated with the entry of the final order in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the intermediate order are brought up for review and have been considered on the appeal from the final order (CPLR 5501 [a] [1]).

Contrary to the appellant's contentions, the petitioner's specifications of objections to the designating petition are in substantial compliance with Election Law § 6-154 (*cf., Matter of Sullivan v New York City Bd. of Elections,* 224 AD2d 565; *Matter of Gallonty v New York City Bd. of Elections,* 224 AD2d

563). Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.