■ In the Matter of KIM EDELSTEIN, Respondent, v SUFFOLK COUNTY BOARD OF ELECTIONS et al., Respondents, and SCOTT SALIMANDO, Appellant. [824 NYS2d 321]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition nominating Scott Salimando as the candidate of the School Tax Relief Party for the public office of Member of the Assembly, 3rd Assembly District, in the general election to be held on November 7, 2006, Scott Salimando appeals from a final order of the Supreme Court, Suffolk County (Spinner, J.), dated October 17, 2006, which, after a hearing, granted the petition and invalidated the nominating petition.

Ordered that the final order is affirmed, without costs or disbursements.

Contrary to the contention of the appellant candidate, the petitioner substantially complied with the Board of Elections rules regarding the filing of specifications of objections to nominating petitions (*see Matter of Sadofsky v DiGiacomo,* 264 AD2d 701 [1999]; *see also Matter of Gallonty v New York City Bd. of Elections,* 224 AD2d 563 [1996]; *Matter of Sullivan v New York City Bd. of Elections,* 224 AD2d 565 [1996]).

The Supreme Court properly entertained specific objections to signatures on the appellant's nominating petition that had not been asserted before the Board of Elections (*see Matter of Smith v Marchi,* 143 AD2d 325 [1988]; *see also Matter of Starr v Board of Elections of City of N.Y.,* 89 AD2d 978 [1982]; *Matter of Flowers v Wells,* 57 AD2d 636 [1977]) because the appellant was sufficiently apprised of the grounds for the objections (*see Matter of Santoro v Schreiber,* 263 AD2d 953 [1999]; *Matter of Maxwell v Hill,* 225 AD2d 947 [1996]; *Matter of Mazza v Board of Elections of County of Albany,* 196 AD2d 679 [1993]; *but see Matter of Levitt v Mahoney,* 133 AD2d 516 [1987]; *Matter of Belak v Rossi,* 96 AD2d 1011 [1983]).

The appellant's remaining contention is without merit. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.