In the Matter of TERRY E. VENUTI, Appellant-Respondent, v WESTCHESTER COUNTY BOARD OF ELECTIONS, Respondent, and MARY ANNE SCATTARETICO-NABER, Respondent-Appellant. [842 NYS2d 30]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Mary Anne Scattaretico-Naber as a candidate in a primary election to be held on September 18, 2007 for the nomination of the Conservative Party as its candidate for the public office of Judge of the City Court, City of Yonkers, the petitioner appeals from a final order of the Supreme Court, Westchester County (Lubell, J.), dated August 17, 2007, which dismissed the petition, and Mary Anne Scattaretico-Naber cross-appeals, as limited by her brief, from findings of fact of the same court that five signatures on the designating petition were duplicative of earlier signatures on the designating petition of another candidate for the same public office.

Ordered that the cross appeal is dismissed, without costs or disbursements, on the ground that Mary Anne Scattaretico-Naber is not aggrieved (see CPLR 5511; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]). The findings of fact are brought up for review on the appeal from the final order (see CPLR 5501 [a] [1]); and it is further,

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is reinstated and granted, the designating petition is invalidated, and the matter is remitted to the Westchester County Board of Elections to remove the name of Mary Anne Scattaretico-Naber from the appropriate ballot. The Supreme Court's findings of fact with respect to the five challenged signatures are affirmed.

This proceeding to invalidate a petition designating the respondent Mary Anne Scattaretico-Naber as a candidate for the nomination of the Conservative Party as its candidate for the public office of Judge of the City Court, City of Yonkers, was commenced by an order to show cause which directed the petitioner to serve (1) the respondent Westchester County Board of Elections, (2) the respondent candidate, and (3) Carol Daly, a nonparty, who was identified as the contact person on the cover sheet of Scattaretico-Naber's designating petition. While the Supreme Court found that the petitioner properly served both respondents, the petitioner conceded that he failed to serve Daly. The court, therefore, did not acquire personal jurisdiction over Daly. Daly, however, was not a necessary party to this proceeding (cf. Matter of Fisher v Sampson, 27 AD3d 560, 562 [2006]; Matter of Tinari v Berger, 196 AD2d 622 [1993]). Moreover, there is no indication in the record that Daly had been

duly designated as an agent for service upon Scattaretico-Naber (*see* CPLR 318). Accordingly, all necessary parties to the proceeding having been served as required by the order to show cause, there was no basis upon which to dismiss the proceeding (*see Matter of Wohl v Miller*, 63 NY2d 687 [1984]; *Matter of Tinari v Berger, supra*).

The Supreme Court, upon reviewing the merits of the proceeding in the alternative, properly determined that five of the signatures on Scattaretico-Naber's designating petition should be stricken as duplicative of earlier signatures on the designating petition of another candidate for the same public office. As a result, Scattaretico-Naber's designating petition does not contain the requisite number of valid signatures, and must be invalidated. Scattaretico-Naber contends that because the petitioner inaccurately identified the line or page numbers of the five signatures in question in presenting his objections to the Westchester County Board of Elections, the Supreme Court should not have entertained his petition, which did properly identify the five challenged signatures. The Supreme Court, however, has jurisdiction to entertain objections to signatures on designating petitions, even where an objector asserts "grounds other than those asserted before the Board of Elections" (*Matter of Smith v Marchi*, 143 AD2d 325, 325 [1988]; *see* Election Law § 16-100 [1]; *Matter of Flowers v Wells*, 57 AD2d 636 [1977]). Since the petition filed in the Supreme Court afforded Scattaretico-Naber adequate notice as to precisely which signatures were being challenged, and the grounds for objecting to those signatures, the Supreme Court properly entertained the petitioner's objections (*see Matter of Edelstein v Suffolk County Bd. of Elections*, 33 AD3d 945 [2006]; *Matter of Brotherton v Suffolk County Bd. of Elections*, 33 AD3d 944 [2006]). Prudenti, P.J., Skelos, Lifson, Carni and Balkin, JJ., concur.