■ In the Matter of ROBERT MASTER et al., Respondents, v CHARLES DAVIS et al., Appellants, et al., Respondent. [888 NYS2d 64]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 15, 2009, for the nomination of the Working Families Party as its candidate for the public office of the Member of the New York City Council, 33rd Council District, Charles Davis, Michael M. Boyce, and Joshua D. Iovine appeal from a final order of the Supreme Court, Kings County (Schmidt, J.), entered August 11, 2009, which, after a hearing, in effect, denied their motion to dismiss the proceeding and granted the petition to invalidate the petition for an opportunity to ballot.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioners commenced this proceeding, inter alia, to invalidate a petition for an opportunity to ballot. The appellants moved to dismiss the proceeding, among other things, on the ground that the petition to invalidate failed to specify the indi-

vidual signatures the petitioners were challenging. The Supreme Court, in effect, denied the motion and granted the petition to invalidate the petition for an opportunity to ballot. We affirm.

Contrary to the appellants' contention, the petitioners were not required to specify in the petition which signatures they were challenging. The petition to invalidate sufficiently apprised the appellants of the grounds for the objections so that they could adequately prepare a defense even without considering the allegations contained in the petitioners' verified bill of particulars (*see Matter of Venuti v Westchester County Bd. of Elections*, 43 AD3d 482, 484 [2007]; *Matter of Brotherton v Suffolk County Bd. of Elections*, 33 AD3d 944 [2006]; *Matter of Edelstein v Suffolk County Bd. of Elections*, 33 AD3d 945, 946 [2006]; *cf. Matter of Belak v Rossi*, 96 AD2d 1011, 1011-1012 [1983]; *Matter of Levitt v Mahoney*, 133 AD2d 516 [1987]).

Contrary to the appellants' contention, the seven people who filed designating petitions for the public office of Member of the New York City Council, 33rd Council District, were not necessary parties within the meaning of CPLR 1001 (a). These individuals' candidacies would not be affected by any final order relating to this proceeding since their names will remain on the ballot regardless of the outcome of this proceeding (*see Matter of Master v Pohanka*, 43 AD3d 478, 479 [2007]).

Furthermore, eight of the signatures on the petition for an opportunity to ballot were invalid on the ground that those voters previously had signed a valid designating petition for a candidate for the same office (*see Matter of Rabadi v Galan*, 307 AD2d 1014 [2003]; *Matter of Reda v Lefever*, 112 AD2d 1070 [1985]). Without these eight signatures, the petition for an opportunity to ballot does not contain the requisite number of signatures. Accordingly, the Supreme Court properly, in effect, denied the motion to dismiss the proceeding and granted the petition to invalidate the petition for an opportunity to ballot.

The appellants' remaining contention is without merit. Spolzino, J.P., Dillon, Miller, Angiolillo and Dickerson, JJ., concur.