■ In the Matter of KEITH ROMAINE, Appellant-Respondent, v SUFFOLK COUNTY BOARD OF ELECTIONS, Respondent, and CHRISTOPHER MARSHALL, Respondent-Appellant. [884 NYS2d 770]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Christopher Marshall as a candidate in a primary election to be held on September 15, 2009 for the nomination of the Conservative Party as its candidate for the public office of Councilmember, Council District 6, Town of Brookhaven, the petitioner appeals from a final order of the Supreme Court, Suffolk County (Jones, J.), dated August 14, 2009, which, upon a decision of the same court dated August 6, 2009, made after a hearing, and, among other things, upon granting, in part, the application of Christopher Marshall to preclude him from adducing evidence of certain alleged defects in the designating petition, denied the petition and dismissed the proceeding, and Christopher Marshall cross-appeals, as limited by his brief, from stated portions of the same final order.

Ordered that the cross appeal is dismissed, without costs or disbursements, as Christopher Marshall is not aggrieved by the final order (see CPLR 5511; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]); and it is further,

Ordered that the final order is affirmed, without costs or disbursements.

The contentions of the petitioner, Keith Romaine, that sheet No. 5 of the designating petition was permeated with fraud and that the Suffolk County Conservative Party failed to comply with Election Law § 6-120 are raised for the first time on appeal and, therefore, are not properly before this Court (see Matter of Leroy v Board of Elections in City of N.Y., 65 AD3d 645 [2d Dept 2009]; Matter of Maher v Coads, 297 AD2d 397 [2002]).

Romaine's contention that the Supreme Court should have denied the application of candidate Christopher Marshall to preclude Romaine from adducing evidence of certain alleged defects in the designating petition is without merit, since those alleged defects were not set forth in or incorporated into the pleadings as specific objections, and Marshall was not otherwise sufficiently or fairly apprised of which signatures were being challenged and the grounds for those challenges (see Matter of

*O'Toole v D'Apice*, 112 AD2d 1078 [1985]; *Matter of Belak v Rossi*, 96 AD2d 1011, 1011-1012 [1983]; *cf. Matter of Venuti v Westchester County Bd. of Elections*, 43 AD3d 482, 484 [2007]; *Matter of Mazza v Board of Elections of County of Albany*, 196 AD2d 679, 680 [1993]; *Matter of Smith v Marchi*, 143 AD2d 325 [1988]).

Contrary to Romaine's contentions, there was insufficient proof that Mark Allen, one of the subscribing witnesses, made false statements on sheet No. 2 of the designating petition. Moreover, Allen both initialed and explained the contested alterations (*see Matter of Jonas v Velez*, 65 NY2d 954, 955 [1985]; *Matter of Rosmarin v Belcastro*, 44 AD3d 1055, 1056 [2007]; *Matter of Sternberg v Hill*, 269 AD2d 730, 731 [2000]; *Matter of Coleman v Boone*, 230 AD2d 872 [1996]; *Matter of Brown v Phillips,* 185 AD2d 953 [1992]; *Matter of Smith v Mc-Nab*, 96 AD2d 922 [1983]).

Furthermore, we find no basis in the record to disturb the Supreme Court's finding that the date set forth at sheet No. 3, line 14, of the designating petition properly indicated the day, month, and year when the signature was affixed (*see* Election Law § 6-130; *see generally Matter of Pringle v Spanakos*, 207 AD2d 515, 516 [1994]; *cf. Matter of Purtell v Kuczek*, 112 AD2d 1092, 1094 [1985]). Even if there were such an error, under the circumstances, it would not serve to invalidate the subsequent signatures (*see Matter of Kent v Bass*, 83 AD2d 898 [1981], *affd* 54 NY2d 776 [1981]).

Additionally, there is no basis in the record to disturb the Supreme Court's finding that the identities of the signers on sheet No. 1, line 18, and on sheet No. 6, line 1, of the designating petition "as . . . registered voter[s]" were "established by reference to the signature[s] on the petition and that of [ ] person[s] whose name[s] appear[ ] in the registration poll ledgers" (Election Law § 6-134 [5]; *cf. Matter of Fusco v Miele*, 275 AD2d 426 [2000]). Moreover, the Supreme Court properly denied Romaine's objection with respect to the signature appearing at sheet No. 1, line 12, of the designating petition, in light of the uncontradicted testimony of the signer, who unequivocally testified that he had signed on that line (*see Matter of Jaffee v Kelly*, 32 AD3d 485, 485-486 [2006]; *cf. Matter of Henry v Trotto*, 54 AD3d 424, 426 [2008]).

In light of the foregoing, the parties' remaining contentions are not properly before this Court or need not be considered. Mastro, J.P., Leventhal, Chambers and Roman, JJ., concur.