(September 9, 2011)

In the Matter of ELIZABETH BERNEY, Respondent, v JUDI R. BOSWORTH et al., Appellants, et al., Respondent. [929 NYS2d 178]—

A candidate whose designating petition is being challenged has the right to be "sufficiently or fairly apprised of which signatures were being challenged and the grounds for those challenges" (*Matter of Romaine v Suffolk County Bd. of Elections*, 65 AD3d 993, 994-995 [2009]; *see Matter of O'Toole v D'Apice*, 112 AD2d 1078 [1985]; *Matter of Belak v Rossi*, 96 AD3d 1011, 1011-1012 [1983]; *cf. Matter of Venuti v Westchester County Bd. of Elections*, 43 AD3d 482, 484 [2007]). The Supreme Court deprived Judi R. Bosworth of the required notice when it invalidated six signatures on grounds that had not been raised by the petitioner.

The Supreme Court erred in invalidating five signatures on the ground that the date written by the notary was illegible, where evidence submitted at the hearing made it clear that the petition was notarized on July 8, 2011. Technical defects in the notarization of a document should not invalidate the official acts of a notary public (*see Matter of Arcuri v Hojnacki*, 12 Misc 3d 1192[A], 2006 NY Slip Op 51538[U] [2006]).

The Supreme Court erred in finding seven signatures invalid because the town on the petition was listed as "Town of N.H." instead of North Hempstead. The use of customary abbreviations of addresses shall not invalidate such signatures where the identity of the signer as a registered voter can be established by reference to the signature on the petition (*see* Election Law § 6-134 [5]). Since each of these signatures identified the signers as residing in Great Neck, which is located in the Town of North Hempstead, the identity of the signers could be established.

The Supreme Court also erred in finding that these same seven signatures were invalid because the notary could not be identified. The notary had signed her name Esagoff, even though she was listed in the state registry as Eshaghoff. The evidence submitted at the hearing established that the notary had recently legally changed her name to Esagoff, and that she was a properly qualified notary (*see Matter of Arcuri v Hojnacki*, 12 Misc 3d 1192[A], 2006 NY Slip Op 51538[U] [2006]).

The Supreme Court erred in invalidating a signature on the ground that the signer resided out of district. Evidence submitted at the hearing established that the individual resided within the district.

Under the circumstances of this case, where the petitioner claimed that several of the signatures were forgeries, the Supreme Court did not err in finding that the affidavits submitted by the appellants were not dispositive of the issue of whether the subject affiants signed the designating petition (*see Matter*

*of Muscarella v Nassau County Bd. of Elections*, 87 AD3d 645, 646 [2d Dept 2011]; *cf. Matter of Jaffee v Kelly*, 32 AD3d 485 [2006]).

In light of all of the foregoing, the Supreme Court erred in finding that a total of 19 signatures on the designating petition were invalid. Since the court found 71 signatures to be valid, and an additional 19 signatures should have been found valid, the petition had more than the 77 valid signatures needed to place Judi R. Bosworth on the Independence Party ballot. Accordingly, the petition to invalidate should have been denied, the proceeding should have been dismissed, and the Nassau County Board of Elections should have been directed to place the name of Judi R. Bosworth on the appropriate Independence Party ballot. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.