■ In the Matter of VILMA I. LANCASTER et al., Appellants, v REGINALD A. NICOLAS, Respondent. [60 NYS3d 391]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Reginald A. Nicolas as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator, 5th Legislative District, the petitioners appeal from a final order of the Supreme Court, Nassau County (Bogle, J.), dated August 14, 2017, which, after a hearing, denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to invalidate the designating petition is granted, and the Nassau County Board of Elections is directed to remove the name of Reginald A. Nicolas from the appropriate ballot.

A designating petition was filed with the Nassau County Board of Elections (hereinafter the Board), designating the respondent, Reginald A. Nicolas, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator in the 5th Legislative District. On July 20, 2017, three petitioners in this proceeding, Vilma I. Lancaster, Howard E. Colton, and Travis Bourgeois, filed general objections to the subject designating petition with the Board, followed by specifications of objections, on the ground that the designating petition included signatures of individuals who were not registered to vote. At a meeting on July 26, 2017, the two Election Commissioners determined that a total of 221 out of the 802 signatures were invalid (500 are needed for placement on the ballot). It is undisputed that those 221 signatures are invalid. One of the Commissioners found an additional 135 signatures to be invalid on a ground other than the ground set forth in the specifications of objections, namely, that although the 135 individuals were registered, they were not registered to vote in the 5th Legislative District. However, the other Commissioner ruled only on the ground raised in the filed objections, and found those 135 signatures were valid in that they in fact belonged to registered voters.

On July 26, 2017, this proceeding was commenced, inter alia, to invalidate the designating petition, incorporating the objections and specifications of objections asserted before the Board. On the return date, August 2, 2017, the aggrieved candidate, the petitioner Debra S. Mule, served and filed her specifications of objections on the ground that the 135 signatures belonged to voters who were not registered to vote in the 5th Legislative District. The parties filed their briefs on August 8, 2017, and oral argument was held on August 10, 2017. The Supreme Court denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding on the ground that the specifications of objections of the aggrieved candidate were served six days beyond the statutory deadline. The petitioners appeal.

The Supreme Court may entertain specific objections to signatures on a designating petition that were not asserted before a board of elections to the extent the respondent was given adequate notice of which signatures on his or her designating petition are being challenged and the grounds

thereof (*see Matter of Edelstein v Suffolk County Bd. of Elections*, 33 AD3d 945, 946 [2006]; *Matter of Flowers v Wells*, 57 AD2d 636, 636 [1977]). Here, the court erred in concluding that the specifications of objections of the aggrieved candidate were untimely due to their being served six days beyond the statutory deadline. An aggrieved candidate is not bound by the strict time constraints governing the filing of objections set forth in Election Law § 6-154 (2) (*see* Election Law § 16-102 [1]; *Matter of Kantha v Scaglione*, 242 AD2d 345, 345 [1997]; *Matter of Loucky v Buchanan*, 49 AD2d 797, 797 [1975]). The petition to invalidate the designating petition incorporated the objections and specifications of objections filed with the Board, and the respondent was served with the aggrieved candidate's specifications of objections on the distinct ground she raised as to the signatures at issue several days before the matter was briefed and heard. As such, the respondent had adequate notice of the grounds for objecting to the signatures at issue to enable him to prepare his defense (*see Matter of Venuti v Westchester County Bd. of Elections*, 43 AD3d 482, 484 [2007]; *Matter of Brotherton v Suffolk County Bd. of Elections*, 33 AD3d 944, 945 [2006]; *cf. Matter of Suarez v Sadowski*, 48 NY2d 620, 621 [1979]; *Matter of Levitt v Mahoney*, 133 AD2d 516, 516 [1987]; *Matter of Belak v Rossi*, 96 AD2d 1011, 1012 [1983]).

Since it is undisputed that the signatures at issue were invalid because they belonged to individuals not registered to vote in the specific legislative district, there are insufficient remaining valid signatures for the respondent to remain on the ballot. Accordingly, the Supreme Court should have granted the petition, inter alia, to invalidate the designating petition. Mastro, J.P., Hall, Miller and Hinds-Radix, JJ., concur.