Matter of Walfish v Brezler (2019 NY Slip Op 04179)





Matter of Walfish v Brezler


2019 NY Slip Op 04179


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2019-05000
 (Index No. 1603/19)

[*1]In the Matter of Stephen Walfish, et al., petitioners-respondents, 
v
Katherine Brezler, appellant, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Katherine Brezler as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Member of the Common Council of the City of White Plains, Katherine Brezler appeals from a final order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated May 7, 2019. The final order, after a hearing, in effect, granted the petition, inter alia, to invalidate the designating petition, and invalidated the designating petition.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to invalidate the designating petition is denied, and the proceeding is dismissed.
The petitioners commenced this proceeding, inter alia, to invalidate a petition designating Katherine Brezler as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Member of the Common Council of the City of White Plains. After a hearing, the Supreme Court concluded that numerous signatures on the designating petition were invalid because they did not match the signatures on those signatories' buff cards. Additionally, the court invalidated numerous other signatures on the basis that the subscribing witness, Kimberly Cooley, did not provide her correct residence address in her subscribing witness statement. Since, after eliminating the invalidated signatures, the designating petition did not contain the requisite number of signatures, the court, in effect, granted the petition, inter alia, to invalidate the designating petition (hereinafter the invalidation petition), and invalidated the designating petition. Brezler appeals.
"The Supreme Court may entertain specific objections to signatures on a designating petition that were not asserted before a board of elections to the extent the respondent was given adequate notice of which signatures on his or her designating petition are being challenged and the grounds thereof" (Matter of Lancaster v Nicolas, 153 AD3d 829, 830-831; see Matter of Edelstein v Suffolk County Bd. of Elections, 33 AD3d 945, 946; Matter of Levitt v Mahoney, 133 AD2d 516). Here, Brezler was not given notice, until the hearing on the invalidation petition was underway, that the petitioners were challenging numerous signatures on the ground that they did not match those signatories' signatures on their buff cards and that the Supreme Court would be comparing the majority of the challenged signatures to those voters' buff cards to determine whether the signatures on the designating petition matched those on the buff cards. Contrary to the petitioners' contention, their specifications of objections filed with the Westchester County Board of Elections (hereinafter the Board) and incorporated by reference into the invalidation petition did not provide notice of this [*2]basis for challenging the signatures. Since the lack of notice deprived Brezler of an opportunity to adequately prepare a defense, the court should not have invalidated the subject signatures on the basis that they did not match the signatures on the buff cards (see Matter of Santoro v Schreiber, 263 AD2d 953; Matter of Levitt v Mahoney, 133 AD2d at 516; see also Suarez v Sadowski, 48 NY2d 620, 621; cf. Matter of Master v Davis, 65 AD3d 646; Matter of Edelstein v Suffolk County Bd. of Elections, 33 AD3d at 946).
The Supreme Court also should not have invalidated those signatures witnessed by Cooley. A subscribing witness is required to include, in the Statement of Witness, his or her residence address (see Election Law § 6-132[2]). This requirement "protects the integrity of the nominating process by assuring that a subscribing witness is subject to subpoena in a proceeding challenging the petition" (Matter of Pisani v Kane, 87 AD3d 650, 651-652). The Election Law defines the term "residence" as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return" (Election Law § 1-104[22]; see Matter of Dilan v Salazar, 164 AD3d 713, 714). The "crucial determination whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent [to reside there], coupled with physical presence without any aura of sham'" (Matter of Dilan v Salazar, 164 AD3d at 714, quoting People v O'Hara, 96 NY2d 378, 385).
Here, Cooley included in her Statement of Witness a residence address in Baldwin, New York. Although Cooley had been displaced for several months from those premises due to construction, she testified that she intended to return to the Baldwin residence once the construction was completed. This testimony was supported by evidence that she had stayed at numerous different places since her displacement, that she still had furniture at the Baldwin residence, and that her other belongings had been placed in storage. Notably, there was no evidence that Cooley had established a fixed residence elsewhere (cf. Matter of Willis v Suffolk County Bd. of Elections, 54 AD3d 436, 438). Under these circumstances, the signatures witnessed by Cooley should not have been invalidated on the ground that she did not provide her correct residence address on her witness statement (cf. Matter of Dilan v Salazar, 164 AD3d 713).
In light of our conclusion that the signatures eliminated based upon the comparisons to the buff cards and those eliminated because they were witnessed by Cooley should not have been invalidated, the petitioners failed to demonstrate that Brezler's designating petition lacked the requisite number of signatures. Accordingly, the invalidation petition should have been denied and the proceeding dismissed.
BALKIN, J.P., AUSTIN, MALTESE and LASALLE, JJ., concur. 2019-05000 DECISION & ORDER ON APPLICATION
In the Matter of Stephen Walfish, et al.,
petitioners-respondents, v Katherine Brezler, appellant,
et al., respondents.
(Index No. 1603/19) Application by Jay L. Hack for leave to serve and file an amicus curiae brief on an appeal from a final order of the Supreme Court, Westchester County, dated May 7, 2019.
Upon the papers filed in support of the application and the papers filed in opposition thereto, it is
ORDERED that the application is denied.
BALKIN, J.P., AUSTIN, MALTESE and LASALLE, JJ., concur
ENTER: Aprilanne Agostino Clerk of the Court