Matter of Alfieri v Bravo (2019 NY Slip Op 04159)





Matter of Alfieri v Bravo


2019 NY Slip Op 04159


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2019-04998
 (Index Nos. 509/19, 529/19)

[*1]In the Matter of Victor Alfieri, appellant, 
v
Margaret A. Bravo, et al., respondents-respondents, et al., respondents. (Proceeding No. 1)
In the Matter of Ronald S. Hanna, etc., et al., petitioners-respondents,Victor Alfieri, appellant, Rockland County Board of Elections, et al., respondents-respondents. (Proceeding No. 2)




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Victor Alfieri as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of District Attorney for the County of Rockland, and a related proceeding, among other things, to invalidate that designating petition, Victor Alfieri appeals from a final order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated May 6, 2019. The final order, upon stipulated facts and after a hearing, denied the petition, inter alia, to validate the designating petition, and granted the petition, among other things, to invalidate the designating petition.
ORDERED that the final order is reversed, on the law and the facts, without costs or disbursements, the petition, inter alia, to validate the designating petition is granted, and the petition, among other things, to invalidate the designating petition is denied.
Objections and specifications of objections were filed in connection with a petition designating Victor Alfieri as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of District Attorney for the County of Rockland (hereinafter the designating petition). Thereafter, by order to show cause, Alfieri commenced a proceeding, inter alia, to validate the designating petition. Ronald S. Hanna and Kenneth Zebrowski (hereinafter together the invalidation petitioners) then commenced a related proceeding, inter alia, to invalidate the same designating petition. Alfieri's petition to validate his designating petition was returnable on April 19, 2019, and the petition to invalidate that designating petition was returnable on April 22, 2019.
On April 22, 2019, when the parties appeared before the Supreme Court, the invalidation petitioners served upon counsel for the other parties, including counsel for the Rockland County Board of Elections (hereinafter the Board of Elections), a bill of particulars asserting additional objections to approximately 150 signatures. At that time, Alfieri did not object to the filing and consideration of the bill of particulars. Subsequent to the April 22nd court appearance, the Board of Elections determined that Alfieri had a sufficient number of valid signatures to remain [*2]on the ballot without yet having considered the additional objections raised in the bill of particulars.
Thereafter, on April 25, 2019, upon considering Alfieri's subsequent motion to strike the invalidation petitioners' bill of particulars and the opposition thereto, the Supreme Court directed the Board of Elections to review the objections to the approximately 150 signatures identified in the invalidation petitioners' bill of particulars. On April 26, 2019, the date upon which the hearing began, counsel for the Board of Elections advised the court that, although more than 100 of the signatures challenged in the bill of particulars were found to be invalid, the Board of Elections deemed Alfieri's designating petition to have a sufficient number of valid signatures.
Prior to the commencement of the hearing, counsel for the parties advised the Supreme Court that they had stipulated that there were 1,628 valid signatures for the designating petition prior to the Board of Elections' review of the objections raised in the invalidation petitioners' bill of particulars. The court then gave the parties time to confer in an effort to narrow the objections to be addressed at the hearing.
After conferring, counsel for the invalidation petitioners raised the issue of a miscount by the Board of Elections, which would reduce the total number of valid signatures by 3. The Supreme Court then pointed out that it had made a note that the parties had stipulated that there were 1,628 valid signatures as of the date of the prior court appearance. Counsel for the parties reiterated that it had been agreed, as of that prior court appearance, that the starting number of valid signatures was 1,628. Before further calculations were done, the court subtracted the 3 signatures that were miscounted by the Board of Elections, reducing the starting number to 1,625. That number was then further reduced by the 111 objections sustained by the Board of Elections based upon the bill of particulars, as stipulated by the parties.
Based on that calculation, the Supreme Court asked counsel for Alfieri and counsel for the invalidation petitioners to agree, at the beginning of the hearing, that Alfieri had 1,514 valid signatures. Both consented to that number. Thus, it was agreed, as a starting point, taking into account the 3 miscounted signatures, that Alfieri had 1,514 valid signatures after the Board of Elections had reviewed the initial objections and those raised in the invalidation petitioners' bill of particulars.
Despite the parties' agreement that the starting number of valid signatures was 1,514, the Supreme Court then erroneously deducted the same 3 miscounted signatures which had previously been taken into account by the court. Thus, the starting point, which should have been 1,514, as understood and agreed by the parties, was erroneously reduced to 1,511.
After the hearing, the Supreme Court concluded that additional signatures on Alfieri's designating petition were invalid for reasons including that the signatories also signed the designating petitions for other candidates for the same public office, either on an earlier date or on the same date that he or she had signed Alfieri's designating petition; or that the signatories were not members enrolled in the Democratic Party. The court then invalidated 2 additional signatures to which the invalidation petitioners had not previously objected. The court relied upon the cross-examination testimony of the subscribing witness, Reginald Smith, who was called by Alfieri to testify about the validity of an unrelated signature. In all, 15 signatures were thus invalidated.
Using the erroneous starting number of 1,511, and deducting the 15 additional invalidated signatures, the Supreme Court calculated that the designating petition contained only 1,496 valid signatures—4 fewer than the required 1,500 signatures. As a result, the Supreme Court denied the petition, inter alia, to validate the designating petition and granted the petition, among other things, to invalidate the designating petition. Alfieri appeals.
Since "Election Law proceedings are subject to severe time constraints, and . . . require immediate action" (Matter of Master v Pohanka, 44 AD3d 1050, 1052; see Matter of Stavisky v Lee, 142 AD3d 933, 933), we agree with the Supreme Court's denial of Alfieri's application to vacate so much of the parties' stipulation as included 14 of the signatures appearing in volume 1, page 2, lines 3 through 16 of the designating petition that had been invalidated by the [*3]Board of Elections.
Alfieri's contention that the invalidation petitioners failed to lay a proper foundation for the records of the Board of Elections, which were examined by the Supreme Court to determine whether any of the signatories to Alfieri's designating petition had also signed other designating petitions, is without merit. The parties had agreed that the records of the Board of Elections would be included as part of the record. Further, the testimony of a handwriting expert was not required for the court to render a decision as to whether signatures on Alfieri's designating petition were duplicates of signatures that also appeared on other designating petitions (see CPLR 4536; see e.g. LaMarca v Quirk, 110 AD3d 808, 810; see also Jerome Prince, Richardson on Evidence § 7-318 [Farrell 11th ed 1995]).
"The Supreme Court may entertain specific objections to signatures on a designating petition that were not asserted before a board of elections to the extent the [other party] was given adequate notice of which signatures on his or her designating petition are being challenged and the grounds thereof" (Matter of Lancaster v Nicolas, 153 AD3d 829, 830-831; see Matter of Edelstein v Suffolk County Bd. of Elections, 33 AD3d 945, 946; Matter of Levitt v Mahoney, 133 AD2d 516). Here, the invalidation petitioners served their bill of particulars raising additional objections on April 22, 2019, prior to the commencement of the hearing on the validating and invalidating petitions. Consequently, Alfieri had adequate notice of the invalidation petitioners' grounds for objecting to the additional signatures identified in their bill of particulars to enable him to prepare his defense (see Matter of Lancaster v Nicolas, 153 AD3d at 831).
With respect to the challenge of the 2 signatures that first arose during the cross-examination of Smith, Alfieri was not given any notice that the Supreme Court would consider whether those signatures were made by the same person and then compare those signatures to the voters' buff cards to determine whether the signatures on the designating petition matched those on the buff cards. Since the lack of notice deprived Alfieri of an opportunity to adequately prepare a response as to the validity of those 2 signatures, the court should not have invalidated those 2 signatures (see Matter of Santoro v Schreiber, 263 AD2d 953, 953; see also Matter of Suarez v Sadowski, 48 NY2d 620, 621; cf. Matter of Master v Davis, 65 AD3d 646; Matter of Edelstein v Suffolk County Bd. of Elections, 33 AD3d at 946).
"Parties are free to chart their own procedural course by stipulation" (March Assoc. Constr., Inc. v CMC Masonry Constr., 151 AD3d 1050, 1054 [internal quotation marks omitted]; see Cullen v Naples, 31 NY2d 818, 820). Stipulations between parties and their attorneys when made in open court are binding upon the parties (see CPLR 2104). Here, the parties agreed prior to the hearing on April 26, 2019, that, after the Board of Elections reviewed the initial objections, Alfieri had 1,628 valid signatures. They then agreed to reduce that number by 3, to 1,625, to reflect the Board of Elections' miscount. From the agreed upon number of 1,625, 111 signatures were subtracted, leaving 1,514, which is the number the parties agreed was the starting point for the hearing. As noted, the Supreme Court then erroneously reduced that figure by the same 3 miscounted signatures that had already been taken into account. Contrary to the invalidation petitioners' argument, correcting the court's mathematical error does not vitiate the integrity of the parties' procedural stipulation in litigating the remaining contested signatures.
Consequently, by adding the 3 signatures removed by virtue of the Supreme Court's mathematical error, and the 2 signatures invalidated without notice as a result of the cross-examination of Smith, to the 1,496 found to be valid by the court, Alfieri's total number of valid signatures equals 1,501, one more than the 1,500 signatures required. Accordingly, Alfieri's petition, inter alia, to validate the designating petition should have been granted, and the petition, among other things, to invalidate the designating petition should have been denied.
BALKIN, J.P., AUSTIN, MALTESE and LASALLE, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court